Tricia Regina CHALMERS, Trudy Petty Chalmers and Samuel Jerome Petty, Plaintiffs,

v.

Reginald R. PETTY, R.C. Butler and the City of Sanford, North Carolina, Defendants.

No. C–89–465–D.

United States District Court, M.D. North Carolina, Durham Division.

Feb. 13, 1991.

Laurence D. Colbert, Durham, N.C., for plaintiffs.

Cecil W. Harrison, David Dreifus, Raleigh, N.C., for defendants.

## ORDER

RUSSELL A. ELIASON, United States Magistrate Judge.

This matter comes before the Court on defendants' motion to strike plaintiffs' affidavits used to support plaintiffs' brief in opposition to defendants' motion for partial summary judgment. Plaintiffs resist the motion to strike and make their own motion to reopen discovery for a period of not less than 60 days.

This action involves plaintiffs' claim that on July 4, 1988 certain members of the Sanford Police Department used excessive force in illegally arresting them. Plaintiffs attempt to hold the City of Sanford, North Carolina, responsible also, for having a policy or custom of supporting or failing to control excessive force or illegal arrests. The case was filed in July, 1989 and an initial pretrial conference set discovery to end on January 31, 1990. After the end of discovery, the Court permitted defendants to take the out-of-time deposition of a witness, whose deposition was scheduled prior to the end of discovery, but who attempted to avoid process. It further granted plaintiffs' motion to compel certain discovery from defendants.

Thereafter, defendants moved for partial summary judgment. Plaintiffs responded and filed a number of affidavits in opposition thereto. Defendants move to strike the affidavits of Donald Buie, Michael Jackson, Tyrone McKoy, Howard Headden, Jeffrey Johnson, Herman Martin, and Velma Sellers on the grounds that plaintiffs failed to comply with Rule 26(e), Fed.R. Civ.P., by failing to supplement their response to Interrogatory No. 3 of defendants' First Set of Interrogatories. This interrogatory required plaintiffs to list all facts supporting the allegation that there was an institutionalized commitment or practice of abuse by the Sanford Police Department.

Plaintiffs answered Interrogatory No. 3 by merely stating that the Sanford Police

Department had a general reputation in the black community of mistreating citizens and making conclusory allegations that blacks were harassed such as by being dispersed when they congregated or by being beaten after they had been handcuffed. In addition, defendants show that each of the plaintiffs, at their deposition, failed to identify any of the specific incidents discussed in the challenged affidavits. (Defendants' May 16, 1990 memorandum at 3.)

### Defendants' Motion to Strike Affidavits for Violation of Rule 26(e), Fed.R.Civ.P.

Defendants move to strike the affidavits because plaintiffs failed to supplement their responses to the interrogatories as required by Rule 26(e), Fed.R.Civ.P. Defendants further seek to strike the affidavits of Donald Buie, Velma Sellers and Jeffrey Johnson on the grounds that they relate to incidents that occurred approximately one to one and one-half years *after* the July 4, 1988 incident relating to plaintiffs' arrest which is the subject of the complaint.

In opposition, plaintiffs only show that defendants already were aware of the information as to only one of the affidavits. Thus, plaintiffs only learned of Howard Headden when defendants produced certain discovery material. With respect to the affidavits of Michael Jackson, Tyrone McKoy and Donald Buie, plaintiffs attempt to argue that they identified these individuals to the defendants as persons who had knowledge about the allegations in the complaint in answer to a general interrogatory. As to the Johnson, Martin and Sellers affidavits, plaintiffs assert that defendants had knowledge of the incidents be-cause they existed in the records of the Sanford Police Department. Plaintiffs' argument, except for Headden, is neither logical nor does it comply with the duties imposed on plaintiffs by Rule 26(e), Fed.R. Civ.P.

Rule 26(e) requires supplementation of responses in a variety of situations. Thus, Rule 26(e)(1) requires supplementation of responses to questions involving (A) the identity and locations of persons having knowledge of discoverable matters, and (B) the identity of persons to be called as expert witnesses. Rule 26(e)(2) requires a party to amend a response if he knows it was (A) incorrect when made, or (B) if correct, then no longer true and the failure to amend would amount to knowing concealment. Plaintiffs' failure here involves a violation of Rule 26(e)(2)(B) because the Court assumes that plaintiffs did not know the names *and information* of the affiants when they answered the discovery requests but later ascertained the information.[1]

■ The enforcement of Rule 26(e) falls within the Court's inherent powers to sanction violations of the discovery rule. *Buffington v. Baltimore County, Md.*, 913 F.2d 113, 132–33 n. 15 (4th Cir.1990). The Court can impose a punitive contempt sanction in the nature of a fine. *Id.* at 134. It can also impose a civil, monetary penalty in order to compensate the other party for losses sustained by a violation of the discovery rule. *Id.* In this latter case, the amount is to be determined by the expenses incurred as a result of the violation. *Id.* However, the mere fact that the Court has the power to impose a sanction, does not mean that it is required to do so. 8 Wright & Miller, *Federal Practice and*

---

1. There is also an arguable violation of Rule 26(e)(1)(A). Defendants sent a general interrogatory requesting identities of persons with knowledge about the allegations in the complaint. Plaintiffs identified three affiants, *i.e.*, Jackson, McKoy and Buie, but did not supplement the answer with the other four affiants. Plaintiffs later argue that they satisfactorily answered Interrogatory No. 3 which requested specific facts about police policy, by their answer to the general interrogatory. If that argument is accepted, then it is tantamount to an admission by plaintiffs that the response to the general interrogatory required an answer which included persons who had knowledge about "policy" incidents. That being so, plaintiffs would then have violated Rule 26(e)(1)(A) by failing to supplement the general interrogatory with the names of the other four out of seven challenged affiants.

The Court declines to find a violation of Rule 26(e)(1)(A). Defendants do not request relief for plaintiffs' failure to supplement the general interrogatory. Moreover, the real problem in this case lies with plaintiffs' failure to supplement the specific request of Interrogatory No. 3. Diverting one's attention to other minor violations increases the danger of losing track of the problem and jeopardizing the solution.

*Procedure* § 2050, at 169 (Supp.1990). In that sense, enforcement of sanctions for a violation of Rule 26(e) is not the same as the mandatory sanction for a violation of Rule 11, Fed.R.Civ.P.

Violations of Rule 26(e) have most often arisen at the time of trial. In that situation, the Court has the authority to exclude testimony because of a breach of the rule. *Id.* at 172. Normally, however, the Court will require that the violation involve some essential piece of evidence, the withholding of which causes prejudice to the other side. *Murphy v. Magnolia Elec. Power Ass'n,* 639 F.2d 232, 235 (5th Cir.1981). One court has indicated that when the matter arises in a summary judgment context, and when the information was only obtained right before the filing of a response to the other side's summary judgment motion, the proper sanction for such a failure to supplement would be to permit the other side to conduct discovery. *Freeman v. Minnesota Min. and Mfg. Co.,* 675 F.Supp. 877, 888–89 (D.Del.1987); *but see McLaughlin v. Weiser,* 1988 WL 5025 (N.D.Ill. Jan. 15, 1988) (striking affidavits).

▌ In the instant case, plaintiffs show that they did not acquire knowledge of the 1985 Headden affidavit until the end of the discovery period in January, 1990. (Plaintiffs do not explain why they did not supplement the interrogatory response within the next several months and before defendants filed their motion for partial summary judgment. However, the Court finds this to be a technical violation of Rule 26(e).) With respect to the other affidavits, plaintiffs make no explanation concerning when they obtained the particular facts from these affiants. Instead, plaintiffs argue that they did not have any duty to supplement their interrogatory response pursuant to Rule 26(e) because defendants already had knowledge of these incidents. The Court finds otherwise.

It is clear, at least with respect to the Johnson, Martin and Sellers affidavits, that defendants could not have knowledge of these incidents, alleging harassment and excessive force, merely because defendants possess the affiants' arrest records. Plaintiffs' argument, that the affiants' arrest records should have imparted knowledge to defendants that the affiants were a part of plaintiffs' claims, is at best disingenuous. The failure to supplement the interrogatory amounted to a knowing concealment of the specific allegations of practices evincing a policy of harassment and excessive force. Those facts constitute both a major factor in determining municipal liability and a critical part of the case against defendant City of Sanford.

The same conclusion is reached with only slightly less vigor, for the Jackson, McKoy and Buie affidavits. The Court cannot fully accept plaintiffs' argument that the answer to the general interrogatory indicating that the three persons had knowledge about the matters set out in the complaint should have put defendants on notice that two of them also had knowledge of other incidents of alleged police misconduct involving third parties or that Jackson would say that he was told to beat people before he was fired as an officer. That general answer does not comply with the specific requirements of Rule 26(e) as applied to Interrogatory No. 3. The 1985 Headden affidavit used by plaintiffs came from defendants' file and relates to his claim of excessive force. Thus, the failure to supplement Interrogatory No. 3 as to him does not amount to a knowing concealment from defendants. Therefore, the Court finds, based on the record before it, that plaintiffs have violated Rule 26(e)(2)(B) (but not as to the Headden affidavit) by failing to supplement Interrogatory No. 3 with the specific instances of alleged police misconduct which is essential to their claim of municipal liability. Moreover, the violation is more than a mere technicality as is discussed below.

▌ Having found a violation of Rule 26(e), the next matter is what sanctions, if any, should be imposed. Sanctions should not be imposed for a mere technical violation of the rule. Rather, civil sanctions are meant to compensate a party for actual losses suffered, and the sanction should not necessarily be the harshest permissible one. *Outley v. City of New York,* 837 F.2d 587, 591 (2d Cir.1988).

■ In the instant case, the violation arises not during a trial but during a motion for partial summary judgment. In such an instance, the Court must look to the peculiar type of loss which defendants have suffered by plaintiffs not revealing the information until after the end of discovery and in a response to a summary judgment motion. It appears that the real loss suffered by defendants is two-fold. It is the loss of the ability to conduct discovery with respect to these witnesses in order to counter plaintiffs' opposition to the summary judgment motion. Second, there is a possible monetary loss in perhaps having filed a futile motion for partial summary judgment which would not have been filed had defendants known about the information.

The appropriate sanction for the discovery loss in this summary judgment situation would be to require plaintiffs to produce the witnesses at depositions to be conducted by defendants' attorneys, at a convenient time and place, and in failing to do so, the Court may then entertain a motion to strike the affidavits. The appropriate sanction for having lulled defendants into filing a motion for partial summary judgment which may be futile cannot now be determined. The scope of this sanction can only be ascertained after plaintiffs produce the affiants for depositions and defendants have a chance to reassess their motion for partial summary judgment. Therefore, the monetary sanction, if any, for the violation of Rule 26(e), Fed.R.Civ.P., must be held in abeyance until a later date.

*Motion to Strike Affidavits Relating to Post–Complaint Conduct*

Defendants assert that the affidavits of affiants Buie, Sellers and Johnson are not admissible because they relate to incidents post-dating the July 4, 1988 arrest which is the basis of the complaint. The Sellers and Buie affidavits relate to their arrest in December, 1989 or January 1990. Affiant Johnson relates incidents in the summer and fall of 1989 when he observed others being arrested.

■ A municipality may be liable for a policy or custom, whether formal or informal, which results in the violation of constitutional rights. *Spell v. McDaniel,* 824 F.2d 1380 (4th Cir.1987), *cert. denied,* 484 U.S. 1027, 108 S.Ct. 752, 98 L.Ed.2d 765 (1988). Such liability may arise from its delegation policies and whether there is a widespread practice of abuse, and the duration and frequency of such practices and abuses. These factors show constructive knowledge of the practice by the municipality. *Id.* Even in absence of a specific, unconstitutional policy, liability may be established by proving practices, such as insufficient training or supervision or condonation of a series of acts or abuses to establish a degree of deliberate indifference or reckless disregard on behalf of the municipality. However, a single, isolated violation is not enough to show knowledge on behalf of the municipality nor is a general laxness sufficient to demonstrate causal connection between a failure to control on behalf of the municipality and the harm suffered by plaintiff. *Id.; see also Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

■ Subsequent acts or conduct may be used to establish municipal liability in actions brought pursuant to 42 U.S.C. § 1983. *Bordanaro v. McLeod,* 871 F.2d 1151, 1166–67 (1st Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 75, 107 L.Ed.2d 42 (1989); *Grandstaff v. City of Borger, Tex.,* 767 F.2d 161, 171 (5th Cir.1985), *cert. denied,* 480 U.S. 916, 107 S.Ct. 1369, 94 L.Ed.2d 686 (1987). Normally, an unconstitutional policy or custom must be established by pointing to a formal policy or policy decision or else to informal policies evidenced through the actual practices of the government agency. Using this latter method involving practices, the plaintiff can establish the unwritten or unspoken policy by pointing to the actions of the agency as reflected by prior events, acts or incidents. Normally, actions taken after the incident cannot be used to prove the existence and knowledge of a policy at the time of the incident because, from that fact, there is no way of knowing whether the policy was already in existence or new-

ly arising. However, subsequent acts may be both relevant and competent evidence in certain limited situations and if properly controlled.

The cases which have allowed evidence of post-incident conduct have usually done so in the limited context of events relating to the very incident in question. Thus, in *Grandstaff*, 767 F.2d 161, the court allowed the use of evidence of inaction to the incident thereby demonstrating subsequent acceptance, condonation or acquiescence to the policy. The court, in *Bordanaro*, 871 F.2d 1151, relying on *Grandstaff*, sanctioned the use of a similar type of evidence to help establish the policy or customs of the agency. *Bordanaro*, permitted evidence of lack of internal investigation and a failure to take strong disciplinary action. Even if the trial court decides to allow the use of such evidence, it must weigh the probative value of the evidence against the possible prejudice under Rule 403, Fed.R. Evid. *Bordanaro*, 871 F.2d at 1166.

It is a different situation when a plaintiff, as in the instant case, seeks to establish a custom by relating post-event conduct which involves other individuals (both plaintiffs and defendants) unconnected to the incident in question. Because the evidence relates to third parties, its relevance is even more tangential than that of post-incident conduct pertaining to the incident in question. The specter of unfair prejudice is, thus, far greater with this type of evidence.

While not cited by the parties, the Court has itself located only one case which has addressed the issue of third party evidence. In *Sherrod v. Berry*, 827 F.2d 195, 205 (7th Cir.1987), *vacated for rehearing en banc*, 835 F.2d 1222 (7th Cir.1988), and *disposing of matter without ruling on instant issue*, 856 F.2d 802 (7th Cir.1988), the court permitted the use of a post-incident event occurring one month after the incident. However, the defendants failed to object to the evidence on the basis of its being post-incident conduct, and the court found the objection to be waived. The Court cited *Grandstaff* for the dicta observation that post-incident conduct could be used to es-

tablish municipal liability in section 1983 actions but did not mention the differences between the *Grandstaff* evidence and the evidence used in the case before it. (It would seem clear, nevertheless, that such evidence could never by itself be used to prove that the municipality had notice of the informal policy.)

In most instances, the court is better advised to exclude third party, post-incident evidence. Nevertheless, it is possible that such evidence could be relevant to impeach a claim of adequate training, for example, or to show a continuous pattern. If allowed, the post-incident evidence relating to third parties should be the same or similar to the incident in question and very close in time to it. Further, in order to prove a pattern for the policy, the plaintiff must first establish the policy by independent, direct evidence, much like the rules governing evidence of a conspiracy. See *Means v. City of Chicago*, 535 F.Supp. 455 (N.D.Ill.1982). And, the benefit of its relevance must be balanced against the harm of its prejudice. *Bordanaro*, 871 F.2d at 1166.

█ In the instant case, plaintiffs have shown some evidence of an informal policy or custom of harassment or use of excessive force through other events at or prior to the incident in question. The post-incident events alleged in the three affidavits is the same or similar to the July 4, 1988 incident. However, the post-incident events occurred from one to one and one-half years after the incident. Because of this time distance, the affidavits do not provide very good evidence of the policy at the time of the incident and to the extent that they demonstrate an alleged continuity of the alleged policy, the danger of unfair prejudice overwhelms their utility. Therefore, unless the plaintiffs can show a special need to use such distant information or demonstrate its relevance for a different purpose, such as for impeachment, the danger of prejudice will likely preclude its use at trial.

In the instant case, the motion to strike comes not before trial but before a motion for summary judgment. This fact elimi-

nates the danger that the evidence will prejudice the jury and raises the question of whether the Court should strike the affidavits or simply ignore them. However, because plaintiffs have failed to demonstrate a proper purpose for them, there is no need to let them continue to confuse the record. Therefore, they shall be stricken without prejudice to plaintiffs using the information should they establish a proper purpose in accordance with the above discussion.

### Motion to Reopen Discovery

■ As part of the response to defendants' motion to strike, plaintiffs move to reopen discovery. In support, plaintiffs assert the defendants failed to make a good faith effort to produce documents in that defendants produced (1) few internal reports; (2) failed to provide a code listing to interpret radio logs; (3) did not produce personnel records of defendants Petty and Butler; (4) did not produce training manuals of the Sanford Police Department; and (5) failed to produce internal investigations relating to the incidents set forth in the Jackson, Johnson, Martin, McKoy, Buie, Headden and Sellers affidavits. Plaintiffs further point out that defendants themselves have sought to continue discovery by attempting to depose witness Keiche Chalmers.

Defendants vigorously oppose the motion to attempt to extend discovery. They observe that the Court already denied a similar motion by plaintiffs in a February 27, 1990 Order, made by plaintiffs after discovery had ended. Defendants cite this fact as proof that plaintiffs' motion to reopen discovery is brought in bad faith and further support this argument by showing that plaintiffs' motion has no factual basis.

In a July 31, 1990 memorandum, defendants address each and every one of plaintiffs' five grounds for reopening discovery. This memorandum is supported by an affidavit and letters and shows the following. All internal reports have been produced. As to the code listing, defendants show that an oral arrangement was made between counsel for the exchange of this code and that defendants' counsel simply forgot about it. Plaintiffs, however, did not ever remind defendants' counsel, except by making the accusation in support of the motion to reopen discovery. This reminded defendants' counsel of the oral agreement and he promptly complied with it.

Next, defendants show that plaintiffs never requested the personnel records of defendants Petty and Butler, nor did plaintiffs' discovery ever use the term "personnel files." Defendants complied with plaintiffs' discovery requests by producing documents, some of which came out of the officers' personnel files, but such documents do not constitute the entire personnel file of either officer. Defendants also produced evidence that plaintiffs' complaint about not receiving policy and training manuals is frivolous. The Sanford Police Department does not maintain training manuals because it does not conduct its own training programs. It produced its policy manuals with respect to community relations training and complaint investigation reports. Defendants point out they produced all of the documents responsive to plaintiffs' requests and did so in January, 1990 and that plaintiffs' motion comes a full six months after the production of these documents. Finally, defendants demonstrate that plaintiffs' complaint about not receiving internal investigations with respect to certain affiants is frivolous. Defendants did not produce the investigations because there are no investigation reports inasmuch as the amount of force used was not considered excessive under the circumstances to require such a report.

■ The Court finds that plaintiffs' request to reopen discovery lacks an arguable basis in fact or law. In such a situation, Rule 11, Fed.R.Civ.P., mandates that the Court impose sanctions. *Artco Corp. v. Lynnhaven Dry Storage Marina, Inc.,* 898 F.2d 953 (4th Cir.1990). The Court must determine whether a reasonable attorney in like circumstances would have believed his actions to be factually or legally justified. *Id.* at 956. A pleading is not well-grounded in fact as required by Rule

11 when it contains numerous misstatements of fact as opposed to a minor or solitary error. *In re Kunstler*, 914 F.2d 505, 514 (4th Cir.1990). Sanctions must be imposed when the misinformation concerns facts which either were or should have been known to the signer. *Id.*

In the instant case, every one of plaintiffs' reasons to support a reopening of discovery are either not supported in fact or misleading. Defendants conclusively show that they satisfied all the discovery requests which plaintiffs used as a basis to reopen discovery. Even with respect to the failure to provide a code listing, defendants' counsel shows that was merely an oral request and that plaintiffs' counsel was not diligent in reminding defendants' counsel of the oral agreement. This basis for reopening discovery is misleading at best. The other grounds simply lack a basis in fact. *Id.*

The Court further concludes that plaintiffs' motion to reopen discovery stems from an improper purpose to harass defendants. Along with the type and number of Rule 11 violations, the Court may consider the signer's apparent purpose as grounds for imposing sanctions. *Id.* at 518. In making this assessment, the Court again employs an objective standard of reasonableness which focuses on the purpose of the signer and his motives but not the subjective belief of the other party. In making its determination, the Court may rely on the number of baseless allegations and the nature and timing of the pleading. *Id.* at 518–520.

An evidentiary hearing, even with respect to a determination based on improper purposes, is not necessary where the record is clear and not clouded by issues of credibility or disputed facts. *Id.* The Court finds this to be the situation before it. Here, the Court had already denied a motion by plaintiffs to extend discovery. Plaintiffs' alleged grounds for reopening discovery were known at the end of discovery, but only advanced after defendants moved to strike plaintiffs' affidavits and almost six months after the end of discovery. The only reasonable conclusion which can be drawn from these facts is that plaintiffs moved to reopen discovery solely in response to defendants' motion to strike the affidavits. This implies an improper purpose, and when combined with the number of baseless allegations in support of reopening, the Court finds such a purpose and sanctions to be mandatory, even though not specifically requested by the parties.

In determining the amount of sanctions, the Court must be mindful that Rule 11 should not be used to merely shift fees but rather, its purpose is to impose sanctions. *Id.* at 522–25. The primary purpose of Rule 11 is to deter future abuses with the additional, multiple purposes of compensating victims and preserving judicial functioning and management. The Court should impose the minimum amount needed to deter, and consider the ability to pay and the severity of the violation. *Id.* In calculating the reasonable attorney's fees incurred by the innocent party, the Court may only look to attorney time incurred which was in response to the conduct which is to be sanctioned. Sanctions can only be assessed based on reasonable expenditures of time and the monetary sanction should never be based solely on this time. *Id.* Finally, the Court is not restricted to monetary penalties should nonmonetary sanctions be appropriate in a given case. *Id.*

In the instant case, the Court finds that defendants have spent some considerable time in preparing their opposition to plaintiffs' motion to reopen discovery. The opposition included preparing a memorandum, reviewing the file and the discovery requests and productions made by the parties. Furthermore, defendants' counsel had to interview and obtain an affidavit from the Sanford Police Chief to verify that all documents had been produced. Under these circumstances, the Court finds that it is likely that several hours of counsel's time was required in order to prepare this information.

In other cases the Court has found that most attorney's fees requested range in the amounts from $100.00 to $150.00 per hour

for North Carolina attorneys. Under the circumstances, and in order to avoid the expense of further hearings and submissions, the Court determines that it would be in the interest of all parties if the Court merely set an attorney fee award in the amount of $100.00. The Court feels this amount will be (1) well below an attorney fee request made by defendants counsel, (2) the minimum sufficient to deter further violations, (3) not excessive in amount, and (4) fully justified because of the aggravating circumstances, including a finding of improper purpose; but also considering the isolated nature of the violation.

Either party may, within ten days from the date of this Order, request an evidentiary hearing, in which case the Court will entertain the matter *de novo* taking into account the reasonableness of the parties' positions at said hearing in making any adjustment to the sanction amount. Therefore, plaintiffs' motion to reopen discovery shall be denied and the Court *sua sponte* finds that plaintiffs' counsel has violated Rule 11, Fed.R.Civ.P., in filing a motion to reopen discovery for the reasons stated above and that a sanction in the amount of $100.00 shall be paid by plaintiffs' counsel to defendants.

IT IS THEREFORE ORDERED that defendants' motion to strike the affidavits of Donald Buie, Howard Headden, Michael Jackson, Jeffrey Johnson, Herman Martin, Tyrone McKoy and Velma Sellers pursuant to Rule 26(e), Fed.R.Civ.P., be granted in part and denied in part. The motion to strike the affidavits is denied on the condition that within twenty days, plaintiffs make these individuals (other than Headden) available for depositions to be conducted, should defendants so desire, and at a time and place convenient for both counsel, but should plaintiffs fail to produce said requested affiants, the motion is granted. The parties shall inform the Court whether a further, specific order striking the affidavits is necessary. Within forty days after the filing of this Order, defendants may move for the imposition of monetary sanctions pursuant to Rule 26(e) against plaintiffs by establishing their prejudice and the monetary amount of such as is discussed in the body of this Order.

IT IS FURTHER ORDERED that defendants' motion to strike the affidavits of Velma Sellers, Jeffrey Johnson and Donald Buie on the grounds that they relate to post-incident conduct or reports be, and the same hereby is, granted without prejudice to their resubmission upon a showing of a proper purpose.

IT IS FURTHER ORDERED that plaintiffs' motion to reopen discovery be, and the same hereby is, **denied.**

IT IS FURTHER ORDERED that *sua sponte*, the Court determines plaintiffs have violated Rule 11, Fed.R.Civ.P., in having filed a frivolous motion to reopen discovery and determines that sanctions in the amount of $100.00 for attorney's fees is hereby assessed against plaintiffs' attorney to be payable to defendants. Within ten days from the filing of this Order, either party may request a *de novo* evidentiary hearing with respect to the amount of sanctions and upon said request, the matter shall be set for hearing.