LABORDE, Judge.
Plaintiff, United Gas Pipe Line Company (United), brought this action against defendants, Mona Anne States Caldwell and John Caldwell (Caldwells), for a Temporary Restraining Order (TRO) and for preliminary and permanent injunctive relief to enable United to replace part of their pipeline that traverses defendants’ property. The Caldwells reconvened seeking damages and attorney’s fees for trespass and wrongful issuance of a TRO. The trial court held that United had not trespassed upon the Caldwells’ property but that the TRO had been wrongfully issued. It awarded the Caldwells damages in the amount of $5,000 and attorney’s fees in the amount of $6,500. United appeals the trial court’s ruling. We affirm in part and reverse in part finding that there was wrongful issuance of the TRO entitling the Caldwells to damages however, because the TRO expired before the hearing on the merits, the trial court erred in awarding attorney’s fees.
FACTS
On April 5, 1988, United Gas Pipe Line Company attempted to enter a tract of land owned by Mona States Caldwell and managed by her husband John Caldwell, in order to replace its pipeline. The Caldwells instructed United not to enter their property until a written agreement could be reached with United. This agreement was never reached and on April 8, 1988, United filed a petition for injunctive relief and for a TRO alleging ownership and a right to replace and maintain the pipeline. The pipeline in question was installed approximately 57 years ago and has been in continuous operation since that time. United acquired many servitude agreements for the land over which their pipeline traversed. The two servitudes involved in this case were issued in 1931 by William States and Euphemond Broussard, ancestors in title to Mona States Caldwell. United alleged they were entitled to maintain the pipeline and enter the Caldwells’ property based upon the agreement in the William States servitude. It is based upon this servitude that United obtained the TRO on April 8, 1988. United was granted one extension and the TRO ultimately expired on April 28, 1988.
The Caldwells alleged during this time that the William States servitude agreement did not encompass their property and therefore, United had no right to enter the property to replace or maintain their pipeline. On April 25, 1988, the Caldwells answered United’s petition and reconvened for $50,000 for mental anguish and $150,-000 for property damage arising from the alleged trespass by United. In the recon-ventional demand, the Caldwells also prayed that the trial court abandon, dissolve and quash the TRO. They subsequently amended their petition alleging wrongful issuance of the TRO for which they sought $5,000 in damages and attorney’s fees.
*726 After replacing their pipeline, United dropped its demand for a preliminary injunction and amended its petition asserting that they had mistakenly relied upon the William Stutes servitude instead of the Euphemond Broussard servitude which encompassed the Caldwells’ property giving United the right to maintain and replace their pipeline.
The trial court decided the merits of this case at a hearing on July 28, 1989 ruling that United’s TRO was wrongfully issued because the TRO was improperly based upon the William Stutes servitude. The court further held that United was not guilty of trespass because the Euphemond Broussard servitude granted United full rights to enter the Caldwell property to replace and maintain their pipeline. The court dismissed the Caldwells’ claim for trespass but upheld their claim for wrongful issuance of the TRO awarding $5,000 in damages and $6,500 in attorney’s fees.
TEMPORARY RESTRAINING ORDER
United’s first assignment of error alleges that the trial court erred in finding United’s TRO was wrongfully issued. La. C.C.P. art. 3603 sets forth the guidelines for issuing a TRO which are:
A. A temporary restraining order shall be granted without notice when:
(1) It clearly appears from specific facts shown by a verified petition or by supporting affidavit that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and
(2) The applicant’s attorney certifies to the court in writing the efforts which have been made to give the notice or the reasons supporting his claim that notice should not be required.
B. The verification or the affidavit may be made by the plaintiff, or by his counsel, or by his agent.
United provided a verified petition and supporting affidavit when it requested the TRO. However, it appears from the facts that the TRO was improperly granted. The facts show that United mistakenly relied upon the William Stutes servitude in asserting its right to maintain their existing pipeline. This servitude did not describe the Caldwell property and therefore afforded no rights to United to enter that particular tract of land. In relying on such servitude, the TRO was improperly granted.
United contends that the trial court’s finding that the TRO was wrongfully issued is inconsistent with the court’s ultimate holding that United had a legal right to enter the Caldwell property to maintain and replace its pipeline. We do not see any inconsistency. We recognize that United had the proper servitude in its possession granting it rights to replace and maintain their pipeline. However, such servitude was unknown and not relied upon in United’s petition for a TRO. To determine if a TRO was wrongfully issued, we can only look to the information available to the court and the parties at the time the TRO was granted. The William Stutes servitude was the only agreement presented to the court and relied upon by United and since this servitude did not include the Caldwell property the TRO was wrongfully issued.
DAMAGES
La.C.C.P. art. 3608 provides that the trial court may allow damages for the wrongful issuance of a TRO or preliminary injunction. In awarding these damages, the trial court has great discretion and such award will not be disturbed on appeal absent an abuse of discretion. Menoah Petroleum, Inc. v. McKinney, 545 So.2d 1216 (La.App. 2d Cir.1989); Ducote v. Couvillon, 401 So.2d 621 (La.App. 3d Cir.1981). After reviewing the record, we find that the trial court’s evaluation of the evidence was reasonable and that there was no abuse of discretion in awarding the Cald-wells $5,000 in damages for the wrongful issuance of a TRO.
ATTORNEY’S FEES
The La.C.C.P. art. 3608 also provides for the award of attorney’s fees for the services rendered in connection with *727 the dissolution of a TRO when dissolved on motion or after trial on the merits. However, the jurisprudence interpreting this article is very clear. In Davis v. Raymond Petroleum, Inc., 396 So.2d 600 (La.App. 3d Cir.1981), this circuit analyzed the two elements of article 3608 stating:
“In our opinion the first sentence of the cited article allows the recovery of damages for the ‘wrongful issuance’ of a temporary restraining order on a motion to dissolve or on a reconventional demand, irrespective of the fact that when the demand is made the wrongfully issued restraining order has already expired by its terms. The second sentence of the cited article allows the inclusion of attorney’s fees as an element of such damages only for services rendered in connection with the dissolution of a restraining order or preliminary injunction. Therefore, we conclude that if the wrongfully issued restraining order has already expired when the demand for dissolution is made, damages are recoverable but attorney’s fees are not.”
We recognize that the language in the above cited case says “when the demand for dissolution is made”. This could be interpreted to mean the date the Caldwells filed their reconventional demand, April 25, 1988, three days before the expiration of the TRO which would allow recovery of attorney’s fees. However, more recent jurisprudence in this area indicated that this language refers to the day of the hearing. Therefore, if the hearing for dissolution is not held before the TRO expires, attorney’s fees cannot be awarded. See Usher v. Gongre, 526 So.2d 1307 (La.App. 3d Cir.1988); Karst v. Ward-Steinman, 469 So.2d 440 (La.App. 3d Cir.1985); Cook v. Ed Francis Chevrolet, 365 So.2d 1178 (La.App. 3d Cir.1978). In the present case, United’s TRO expired on April 28, 1988. While the Caldwells filed their reconven-tional demand on April 25, 1988, the hearing was not held until July 28, 1989. Since the TRO expired long before the hearing, attorney’s fees cannot be awarded. The trial court’s award of attorney’s fees was therefore improper.
For the foregoing reasons, that part of the trial court’s decision which found wrongful issuance of United’s TRO and awarded damages to the Caldwells in the amount of $5,000 is affirmed. We reverse the trial court’s award of attorney’s fees. Costs of this appeal are to be taxed equally to appellant and appellees.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.