SAUNDERS, Judge,
dissenting.
The hearing on Robino’s motion for injunc-tive relief was moot by the time it was heard by the trial court on September 30,1991, due to the fact that the property in question was sold on September 25, 1991. Consequently, the substantive issue of the merits of Robi-no’s request for a TRO and injunctive relief was never determined by the trial court. It is well settled that attorney’s fees are not allowed “if the hearing for dissolution is not held before the TRO expires....” United Gas Pipe Line Co. v. Caldwell, 590 So.2d 724, 726 (La.App. 3d Cir.1991). Nevertheless, the majority awards sanctions under the general provision of LSA-C.C.P. art. 863, although it is clear that under LSA-C.C.P. art. 3608 and the jurisprudence dealing specifically with wrongful issuance of a TRO, attorney’s fees would not be available. See United Gas Pipe Line Co. v. Caldwell, supra, and cases cited therein.
Contrary to the assertion of the Bank, Robino and his attorney argue that they were not attempting to arrest the sale under LSA-C.C.P. art. 2751, which does not allow a TRO to issue to arrest the seizure and sale of immovable property. See LSA-C.C.P. art. 2752(A). Rather, Robino and Tate contend that they were seeking equitable relief via an injunction under LSA-C.C.P. art. 3601, which allows the issuance of a TRO during the pendency of an action for an injunction. *1194 LSA-C.C.P. art. 3601 states in pertinent part, as follows:
An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law;
[[Image here]]
During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, except in cases where prohibited, in accordance with the provisions of this Chapter.
A proper award of sanctions, pursuant to LSA-C.C.P. art. 863, is reserved for the limited situation in which a party has incurred unjustified expenses due to pleadings filed in the state district court which have been signed and certified by opposing counsel as being in good faith.
The obligations imposed upon litigants and their counsel who sign a pleading is to make an objectively reasonable inquiry into the facts and the law.
[[Image here]]
Article 863 is intended only for exceptional circumstances and is not to be used simply because parties disagree as to the correct resolution of a legal matter. See, Gaiardo v. Ethyl Corporation, 835 F.2d 479 (3rd Cir.1987), citing Morristown Daily Record, Inc. v. Graphic Communications Union Local 8N, 832 F.2d 31 (3rd Cir.1987). Furthermore, noting [sic] in the language of Rule 11 or Article 863 empowers the district court to impose sanctions on lawyers simply because a particular argument or ground for relief is subsequently found to be unjustified. Gaiardo, supra, citing Golden Eagle Distributing Corporation v. Burroughs Corporation, 801 F.2d 1531 (9th Cir.1986). Failure to prevail does not trigger a sanction award. Gaiar-do, supra.
In determining a violation of Rule 11 or Article 863 the trial court should “avoid using the wisdom of hindsight and should test the signer’s conduct by inquiring what was reasonable to believe at the time the pleading, motion or other paper was submitted.” Gaiardo, supra at 484.
Fairchild v. Fairchild, 580 So.2d 513, 516, 517 (La.App. 4th Cir.1991) (emphasis in original).
Most appropriate to this ease are the sentiments of the Fourth Circuit in Junot v. Lee, 372 So.2d 707, 710 (La.App. 4th Cir.), writ denied, 375 So.2d 944 (La.1979), which are applicable to the present case:
To hold that an attorney who files pleadings, numerous or otherwise, in support of his client’s position has acted overzealously in his client’s behalf, and therefore is hable in damages to the other litigant or litigants because those pleadings have little or no merit, would result in an undesirable chilling effect on the attorney’s efforts to properly represent and support his client. If an attorney did not properly represent and support his client, he could be subjected to a suit for malpractice.
[[Image here]]
Finally, we analogize the matter before us to cases involving damages requested for frivolous appeal. The Supreme Court’s standard for such an award is found in Parker v. Interstate Life & Accident Insurance Co., 248 La. 449, 179 So.2d 634, 636-637:
“.... it is patent that, when appellate courts are required to assess the sincerity of counsel (or lack thereof) in the stand he advocates, they are dealing in a most nebulous area of subjective beliefs which cannot be determined, save in extremely exceptional circumstances, by judicial rejection of the claim as unsound. For, here, we are not attempting to judge a legal right or wrong but, rather, the truth of an asserted belief in a contention. Accordingly, when counsel proclaims his sincerity, a court finds itself without just cause to disbelieve unless, and only unless, the proposition advocated is so ridiculous or so opposed to rational thinking that it is evident beyond any doubt that it is being deliberately professed for ulterior purposes.”
Although I do not find that an award of sanctions is warranted in this case, assuming arguendo that they are, an award of $8,937.00 as “damages and expenses,” constitutes an extreme abuse of discretion on the *1195 part of the trial court as a sanction for the filing of one pleading.
The damages were apportioned as follows: expenses, harassment and other damages— $1,750.00; additional attorney’s fees— $6,187.00; attorney’s fees for the motion for sanction hearing — $1,000.00.
The record was devoid of evidence as to the expenses of resetting of the sale which had been set aside due to Robino’s intervention. The trial court’s figure of $1,750.00 appears to arise from “Exhibit D-6,” which is a notice of final accounting dated July 31, 1990 (prior to any proceeding at issue herein), which set out the expenses of selling Robino’s shrimp boat at a bankruptcy auction as $1,750.31, which were paid from that prior disbursement. Since this amount pre-dates the “one pleading,” this amount should not be allowed.
As to the award of $6,187.00 in attorney’s fees, as a sanction for the filing of one pleading, Ms. Gerdy Banchard, a loan supervisor and vice-president at Gulf Coast, testified that the Bank owed its attorneys approximately this amount in attorney’s fees, even after the Sheriffs sale. Apparently, this testimony is the source of the trial court’s award of $6,187.00 in attorney’s fees. Furthermore, Banchard testified to three prior and separate payments of attorney’s fees to-talling $5,922.27. In addition, $9,899.75 was paid to the attorneys for the Bank as part of the disbursement from the Sheriffs sale. Together, these fees which were paid to the Bank’s attorneys total $15,822.02. Clearly, the trial court’s award of an additional $6,187.00 in attorney’s fees, totalling $22,-009.00 paid mainly for the collection of a $36,000.00 debt, is excessive. Especially this is true in light of the fact that the hearing on the motion for sanctions was the only contested hearing which the Bank’s attorneys attended.
Robino should not have been sanctioned more than the amount that was necessary in expenses and attorney’s fees, to reset the Sheriffs sale. The amount awarded by the trial court and affirmed by this court, in the majority opinion, includes all that was owed to the Bank’s attorneys for their work in both the bankruptcy and state district forums, as shown by the plaintiffs attorney’s time sheet which is of record.
As stated by the United States District Court for the Middle District of North Carolina in Chalmers v. Petty, 136 F.R.D. 399, 407 (M.D.N.C.1991):(1)
In determining the amount of sanctions, the Court must be mindful that Rule 11 should not be used to merely shift fees but rather, its purpose is to impose sanctions. Id. [In re Kunstler, 914 F.2d 505] at 522-25. [4th Cir.1990]. The primary purpose of Rule 11 is to deter future abuses with the additional, multiple purposes of compensating victims and preserving judicial functioning and management. The Court should impose the minimum amount needed to deter, and consider the ability to pay and the severity of the violation. Id. In calculating the reasonable attorney’s fees incurred by the innocent party, the Court may only look to attorney time incurred which was in response to the conduct which is to be sanctioned. Sanctions can only be assessed based on reasonable expenditures of time and the monetary sanction should never be based solely on this time. Id. Finally, the Court is not restricted to monetary penalties should non-monetary sanctions be appropriate in a given case. Id.
Additionally, the trial court awarded $1,000.00 additional attorney’s fees for the motion for sanctions, which brings the total which the Bank has collected from Robino to pay its attorneys to $23,000.00. The general rule is that attorney’s fees which are awarded for a violation of Rule 11 (LSA-C.C.P. art. 863), include compensation for the expense generated by the Rule violation, i.e., the pleading being sanctioned, and not for the expense of bringing the motion for sanctions. See Unanue Casal v. Unanue Casal, 132 F.R.D. 146 (D.N.J.1989), affirmed 898 F.2d 839 (1st Cir.1990).
*1196 Finally, the basis of our authority to award attorney’s fees for frivolous appeal is found at LSA-C.C.P. art. 2164. See Humphrey v. Humphrey, Dkt. No. 24-183CA, 614 So.2d 837 (La.App. 2d Cir.1993). This issue is res nova in this circuit, but has been decided by the Second Circuit in Diesel Driving Academy, Inc. v. Ferrier, 563 So.2d 898 (La.App. 2d Cir.1990), wherein attorney’s fees were denied an appellee on an appeal from a sanction award. I find the majority incorrect in assessing an additional $1,000.00 in attorney’s to the Bank due to Robino’s appeal. I cannot agree that Robino’s appeal seeking review of the imposition of $8,937.00 in sanctions under LSA-C.C.P. art. 863 is frivolous.
Under the facts of this case, sanctions were not warranted as to either Robino’s filing of the petition of intervention or for his filing of a notice of intention to apply for writs.
The true measure of any profession is the vigor and zeal given by its members to the interest of those they serve. An overzealous bar poses no threat to the ends of justice. One immobilized by timidity is, in my mind, a very real threat to those ends. Accordingly, I dissent.

. "Article 863 is derived from Rule 11, Federal Rules of Civil Procedure. The federal decisions afford us guidance for our interpretation and application.” Romero v. Chris Crusta Flying Service, 587 So.2d 803, 805 (La.App. 3d Cir.1991).