PER CURIAM.
hln this matter, the plaintiff sought a temporary restraining order (“TRO”) to *150 upset the hearing on his employment-related appeals scheduled for December 10, 2014, before the Lafayette .Municipal Fire and Civil Service Board (hereafter the “Board”). The duty judge signed the order granting the TRO on December 5, 2014, a Friday, and made it effective upon the posting of a $5,000.00 bond. The defendants were the Board and Lafayette City-Parish. Consolidated Government (hereafter the “City”). The Board and the City first received notice of the TRO by receipt of copies of the pleadings the morning of December 8, 2014; the.plaintiff s counsel later that afternoon informed the defendants by email that the TRO had become effective upon the posting of the bond. It had apparently taken the weekend for the bond to be obtained and forwarded by private courier service to the district court.
Later on the afternoon of December 8, 2014,.the defendants filed a motion,to dissolve the TRO on the grounds the plaintiff had failed to provide notice as required by law and had failed to show irreparable harm. The district court dissolved the TRO that evening; however, the court of appeal granted the plaintiffs writ on December 9, 2014, and reinstated the TRO because the order |2dissolving the TRO was issued ex parte m violation of La.Code Civ. Proc. art. 3607. The hearing of December 10, 2014, did not transpire on account of the TRO.
The City, believing the court of appeal’s reinstatement did not negate -the impropriety of the plaintiffs original TRO, filed a- request for' costs and- attorney fees on December 11, 2014. .The Board also eventually filed a claim for costs and attorney fees. On joint motion, the parties dissolved the TRO on December 15, 2014.
Following a hearing in March 2015, the district court found plaintiffs counsel had failed to provide notice of the TRO as required by law, and awarded the City costs of $50.65 and attorney fees of $3,500.00. In a separate hearing, the district court awarded the Board $2,500.00 in attorney fees. In consolidated appeals, a majority of the court of appeal reversed the district court’s judgments, and assessed costs to the Board and the City. For the reasons set forth below, we grant the, City’,s writ application, reverse the judgment of the court of appeal, and reinstate the ruling of the district court.[1]
Although the majority of the court of appeal essentially found the defendants had received adequate and timely notice of the TRO, we agree with the dissenting judge below that the requirements for the issuance of a TRO without notice were not met in this case. La.Code Civ. Proc. art. 3603(A) provides that a TRO shall be granted without notice -when (1) it clearly appears from the specific facts shown by a verified petition or by supporting affidavit that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his-attorney can be heard in opposition and (2) the applicants attorney certifies to. the court in writing the efforts .that have been made to give the notice or the reasons supporting Phis claim that notice should not be required. Neither of those requirements was met in this case; accordingly, the TRO was improperly issued. We also discern no support for the majority’s finding that the three-day'delay in notifying the defendants of the TRO was otherwise reasonable because of the delay in obtaining the bond over the weekend. The court of *151 appeal majority thus erred in finding the TRO was properly granted.
We also find error in the majority’s reasoning with regard to the award of attorney fees and damages. The court of appeal interpreted La.Code Civ. Proc. art. 3608 to permit the recovery of attorney fees for those services rendered only in connection with the dissolution of the TRO. The court of appeal, noting the district court had awarded damages on the basis that the plaintiff failed to give notice of the filing of the TRO, thus reversed the award of attorney fees because the TRO was eventually dissolved on joint motion of the parties. We agree with the dissenting judge below that attorney fees awarded pursuant to La.Code Civ. Proc. art. 3608 are not limited to those incurred only for the dissolution of a TRO. Art. 3608 provides as follows:
The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconven-tional demand. Attorney’s fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.
Thus, Article 3608 broadly permits “damages for the wrongful issuance of a temporary restraining’ order or preliminary injunction on a motion to dissolve or on reconventional demand.” Art. 3608 further allows that “attorney’s fees for the services .rendered in connection with the dissolution of a restraining order ... may be included as an element of damages— ” As the dissenting judge reasoned, that the TRO was dissolved on joint motion is. not dispositive of whether the defendants |4may seek damages for the wrongful issuance of a TRO, because the TRO was originally obtained contrary to the notice requirements of La.Code Civ. Proc. art. 3603(A), which resulted in the City being subject to that order, and prompted the City to incur attorney’s fees to challenge the TRO before its expiration or before it was dissolved by joint motion. Accordingly, we, too, find no abuse of discretion in. the district court’s award of costs and associated attorney fees.
For these reasons, the judgment of the court of appeal is reversed, and the district court’s ruling awarding costs and attorney fees to the City is hereby reinstated.
JOHNSON, C.J., dissents and would deny the writ application.
KNOLL, J., dissents'and would'deny the writ application.
WEIMÉR, J., dissents and assigns reasons. ■

. The Board did not seek writs in this court; consequently, our ruling applies only to the City.