| | | |
|---|---|---|
| **CINDY WILLIAMS** | * | **NO. 2019-CA-0116** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **NORMAN S. HALEY** | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

| | |
|---|---|
| <u>**CONSOLIDATED WITH:**</u> | <u>**CONSOLIDATED WITH:**</u> |
| **CINDY H. WILLIAMS** | **NO. 2019-CA-0479** |
| **VERSUS** | |
| **NORMAN S. HALEY** | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-07976, DIVISION "A"
Honorable Ellen M Hazeur, Judge
\* \* \* \* \* \*
**Judge Edwin A. Lombard**
\* \* \* \* \* \*
(Court composed of Judge Edwin A. Lombard, Judge Daniel L. Dysart, Judge Joy
Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Dale N. Atkins)

*DYSART, J., CONCURS, IN PART AND DISSENTS, IN PART*

*LOBRANO, J., CONCURS IN PART, DISSENTS IN PART, AND ASSIGNS
REASONS.*

*JENKINS, J., CONCURS IN THE RESULT*

*ATKINS, J., CONCURS IN THE RESULT*

Leslie A. Bonin
LESLIE A. BONIN, LLC
700 Camp Street
New Orleans, LA 70130-3702

Cindy H. Williams
ATTORNEY AT LAW
111 Veterans Blvd., Suite 804
Metairie, LA 70005

     COUNSEL FOR PLAINTIFF

Theon Agnes Wilson
LAW OFFICES OF THEON A. WILSON
1100 Poydras St., Suite 2900
New Orleans, LA 70163-2900

COUNSEL FOR DEFENDANT

**OCTOBER 31, 2018 JUDGMENTS AFFIRMED;
APPEAL DISMISSED IN PART AS MOOT;
MARCH 12, 2019 JUDGMENT AMENDED
AND AFFIRMED AS AMENDED; MOTION
DENIED**

# JUNE 3, 2020

This consolidated appeal stems from an August 8, 2018 incident involving attorneys Norman S. Haley and Cindy Williams, who represents the wife of Mr. Haley in a divorce proceeding. Both parties seek review of two October 31, 2018 district court judgments rendered in Civil District Court Case No. 2018-07976: a judgment dismissing the original petition for temporary restraining order, preliminary and permanent injunction ("Original Petition") of Ms. Williams, and a separate judgment awarding Mr. Haley attorney's fees as a result of Ms. Williams' filing of the Original Petition.

Moreover, Mr. Haley appeals the district court's March 12, 2019 judgment—rendered in Civil District Court Case No. 2018-08728— granting a permanent injunction in favor of Ms. Williams. He additionally filed a motion to dismiss, and/or alternatively motion to strike the appeal of Ms. Williams.

Pursuant to our review of the law, record and applicable facts, we affirm the October 31, 2018 judgments, and dismiss in part as moot Ms. Williams' appeal of the dismissal of her Original Petition. We further amend the March 12, 2019 judgment and affirm as amended. Lastly, we deny Mr. Haley's motion.

1

**Facts and Procedural History**

On August 8, 2018, the parties were present in the district court for a hearing in Mr. Haley's divorce proceeding. Ms. Williams alleges that while she and Mr. Haley were in the hallway of the court on that date, he made eye contact with her prior to pushing her into a wall with his upper body.

Following the alleged incident, Ms. Williams visited the Louisiana Supreme Court's webpage for the Louisiana Protective Order Registry and obtained a petition for temporary restraining order, preliminary and permanent injunction, also known as a LPOR Form O, the Original Petition, which she subsequently completed and filed on August 10, 2018.

In the Original Petition, Ms. Williams alleged that while the parties were present in the district court for a hearing in the divorce proceeding, Mr. Haley shoved her against a wall in a hallway, allegedly battering her. She further pleaded that "[b]ecause of the immediate and present danger of abuse, stalking or sexual assault" she was requesting "an ex parte Temporary Restraining Order be issued without prior notice."

The district court, specifically the duty judge, granted the temporary restraining order on the same date the Original Petition was filed, and signed a "Louisiana Abuse Prevention Order," which is essentially a fill-in form, and set an expiration date of August 30, 2018.[1] The district court assigned the case to the Domestic Relations section of the district court because the Original Petition was filed on a LPOR form. The Louisiana Uniform Abuse Prevention Order was

---

[1] Judge Robin M. Giarrusso was the duty judge.

registered with the Louisiana Supreme Court's Protective Order Registry and Mr. Haley remained on the registry for approximately 3 weeks until the order expired.

In response to the issuance of the Louisiana Uniform Abuse Prevention order, Mr. Haley filed several exceptions and motions in response to the petition. Specifically, he filed an exception of lack of subject matter jurisdiction; an exception of prematurity; exception of no right of action; motion to dissolve temporary restraining order; a motion for sanctions and a request for damages, attorney's fees and court costs. Mr. Haley contested the assignment of the case to the Domestic Relations section because the parties: were never married; are not current or former intimate cohabitants; are not current or former dating partners; and, are unrelated. Thus, he maintained Ms. Williams improperly sought relief through a LPOR form, and was successful in obtaining relief through a process to which she was unentitled.

At the conclusion of an August 30, 2018 hearing, the district court determined Ms. Williams used an incorrect form.[2] Consequently, the Court dismissed her Original Petition without prejudice and awarded Mr. Haley "all attorneys' fees incurred in defense of the wrongfully-obtained TRO."

The following day, Ms. Williams filed a petition for permanent injunction ("Second Petition") against Mr. Haley, which was allotted to Division "G" of Judge Giarrusso, in Civil District Court Case No. 2018-08728. Mr. Haley objected to the Second Petition.

Meanwhile, in the Original Petition proceedings, Ms. Williams filed a motion to traverse attorney's fees, which was set for a contradictory hearing in

---

[2] Judge Ellen Hazeur was assigned this matter in the Domestics Relations section of Civil District Court.

3

October 2018. At the October hearing, Mr. Haley testified that all of the legal work in the billing records was conducted in defense against the temporary restraining order. He identified checks he wrote as payment of the attorney's fees, which totaled $15,550. Moreover, he introduced billing records at the hearing with an affidavit, showing payments to his attorney of $19,510.50.

On October 31, 2018, the district court issued two judgments: 1) a judgment, documenting the district court's August 30, 2018 ruling; dismissing Ms. Williams' Original Petition; denying Mr. Haley's exception of lack of subject matter jurisdiction and motion for sanctions; and dismissing as moot his remaining exceptions; and 2) a judgment awarding Mr. Haley $8,290 in attorney's fees. Ms. Williams filed a supervisory writ application, seeking review of both the August and October 2018 rulings, which this Court denied. *Williams v. Haley*, 18-C-0968 (La. App. 4th Cir. 01/07/19). Additionally, both parties timely filed the instant appeal of these judgments.

Thereafter, in the Second Petition pending before Judge Giarrusso, a two-day trial was scheduled. During the trial, which ended in January 2019, both parties testified as well as their respective accident reconstruction specialists. Additionally, courthouse surveillance video was introduced into evidence. The district court granted the permanent injunction against Mr. Haley on March 12, 2019. The judgment ordered Mr. Haley as well as "his agents or assigns from harassing, threatening, coming into any physical contact" with Ms. Williams and from communicating with her "in any manner." Mr. Haley timely filed the instant appeal of the March 2019 judgment.

We begin our review of the assignments of error of both parties by first addressing the judgments of October 31, 2018, followed by the March 12, 2019

4

judgment. Lastly, we shall discuss the motion to dismiss and/or alternatively motion to strike of Mr. Haley.

**October 31st Judgments: Dismissal of the Original Petition and the Award of Attorney's Fees**

Ms. Williams avers that district court erroneously dismissed her Original Petition and awarded Mr. Haley attorney's fees in its respective October 31, 2018 judgments. Mr. Haley also appeals the judgment awarding attorney's fees, asserting the award is inadequate. We disagree, finding a review of the dismissal of the Original Petition to be moot and the judgment on attorney's fees was properly rendered.

**Dismissal of the Original Petition**

Ms. Williams asserts that the trial court erred in dismissing her original petition on the basis that it was filed on an incorrect form. As stated in the procedural history above, Ms. Williams filed her Second Petition and ultimately received the relief she sought. Recognizing that this Court cannot afford Ms. Williams any relief pertaining to this issue and appellate courts are prohibited from issuing advisory opinions, we find this assignment of error is moot because a judgment from this Court would serve no useful purpose and give no practical relief or effect. *Edward v. Badie*, 19-0332, p. 2 (La. App. 4 Cir. 8/28/19), 282 So.3d 269, 270 (quoting *Cat's Meow, Inc. v. City of New Orleans Through Dep't of Fin.*, 98-0601, p. 8 (La. 10/20/98), 720 So.2d 1186, 1193).

**Attorney's Fees Award**

Regarding the district court's award of $8,290 in attorney's fees, Ms. Williams maintains that the ruling should be reversed because the district court abused its discretion and committed reversible error in ordering her to pay Mr.

Haley's attorney's fees. Conversely, Mr. Haley asserts that the district court erred in awarding less than the amount set forth in his billing records and affidavit. We find the parties' arguments are without merit, respectively. However, first we must address an argument raised by Mr. Haley: this Court's prior denial the writ application of Ms. Williams, *Williams v. Haley*, 18-C-0968 (La. App. 4th Cir. 01/07/19), is law of the case.

Pursuant to the law of the case doctrine, "an appellate court will not reconsider its rulings of law on a subsequent appeal in the same case." *Glover v. Shiflett Transp. Servs., Inc.*, 97-2787 (La. App. 4 Cir. 5/6/98), 718 So.2d 436, 439 (quoting *In re M.W.*, 93-1809 (La. App. 4 Cir. 6/30/94), 641 So.2d 582, 584). "The doctrine applies to all decisions of an appellate court, not just those arising from appeals. Nonetheless, the doctrine is discretionary and not applicable in cases of palpable former error or where application would cause manifest injustice." *Id.*

In addition to the application of the doctrine being discretionary, this Court has held that prior determinations in a request for supervisory writ applications is "not necessarily binding on a subsequent appeal." *1205 St. Charles Condo. Assoc. Inc. v. Abel,* 18-0566, p. 13 (La. App. 4 Cir. 12/19/18), 262 So.3d 919, 927 (quoting *Armstrong Airport Concessions v. K-Squared Rest., LLC*, 15-0375, p. 8 (La. App. 4 Cir. 10/28/15), 178 So.3d 1094, 1100). We decline to apply the law of the case doctrine to Ms. Williams' appeal.

Proceeding to our review of the propriety of the award of attorney's fees in the instant matter, we note that such awards are not generally permitted, except where authorized by statute or contract. *Reeves v. Thompson*, 95-0321, p. 10 (La. App. 4 Cir. 12/11/96), 685 So.2d 575, 580 [citations omitted]. An award of

6

attorney's fees is permitted for the wrongful issuance of a temporary restraining order or preliminary injunction pursuant to La. Code Civ. Proc. art. 3608:

> The court may allow damages for the wrongful issuance of a temporary retraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. *Attorney's fees for the services rendered in connection with the dissolution of a restraining order* or a preliminary injunction *may be included as an element of damages whether the restraining order* or preliminary injunction *is dissolved on motion or after trial on the merits.* [Emphasis added].

The Louisiana Supreme Court further expounded in *Hewitt v. Lafayette City-Par. Consol. Gov't* that "Article 3608 broadly permits 'damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on reconventional demand'" and "further allows that "attorney's fees for the services rendered in connection with the dissolution of a restraining order ... may be included as an element of damages...." *Id*., 16-0629, p. 4 (La. 5/27/16), 193 So.3d 149, 151.  Thus, pursuant to art. 3608, it is discretionary as to whether the district court will permit an award of attorney's fees when granting a motion to dissolve an erroneously issued temporary restraining order, such as the motion filed by Mr. Haley.

Moreover, "great weight is attached to the trial court's exercising of its discretion, "which will not be disturbed on review if reasonable people could differ as to the propriety of the trial court's action." *Caldwell v. Griggs*, 40,838, p. 6 (La. App. 2 Cir. 3/8/06), 924 So.2d 464, 468-69 (quoting *J. Caldarera and Company, Inc. v. City of Baton Rouge*, 03-0759 (La. App. 1st Cir. 2/23/04), 873 So.2d 728).

In the matter *sub judice*, the district court's award of attorney's fees was based upon the court's reasoning that Ms. Williams improperly sought a temporary restraining order without advance notice to the opposing party and without posting

7

bond, which is statutorily reserved for varying classes of persons. Ms. Williams, however, belonged to none of the requisite groups. Ms. Williams abused the LPOR process by completing a form "designed exclusively for allegations of domestic abuse, dating, violence, stalking, or sexual assault" for family members, household members, or dating partners.[3] She admits that none of these classifications and/or relationships are applicable in the instant matter. Moreover, she did not allege in her Original Petition that she belongs to any such classes or that any of the requisite relationships existed between the parties. Lastly, Ms. Williams did not allege to have suffered a sexual assault or having been stalked, despite checking off the box on the LPOR form indicating that she was stalked.

The consequence of Ms. Williams' improper filing of her Original Petition was Mr. Haley was erroneously registered with the Louisiana Protective Order Registry for approximately 3 weeks. Additionally, he was burdened with defending himself against the Original Petition and contesting his placement on the aforementioned registry. Considering the vast discretion afforded to the district court in determining whether such an award of attorney's fees should be made, we find no error under the unique facts presented. This assignment of error is without merit.

Moreover, while we note that Mr. Haley seeks an increase in his attorney's fees, we do not find that the district court abused its discretion in assessing the amount of attorney's fees he should be awarded in this instance.

---

[3] Under the facts presented, Mr. Haley does not meet the definition of a family member, household member or dating partner under La. Rev. Stat. 46:2132, pertaining to domestic abuse. Additionally, he does not meet the definition of a "dating partner" under dating violence provisions, as he and Ms. Williams were not dating. See La. Rev. Stat. 46:2151(B). There has been no allegation of sexual assault or stalking, making La. Rev. Stat. 46:2184 or La. Rev. Stat. 46:2172 applicable.

<b>Permanent Injunction Judgment</b>

Mr. Haley appeals the March 12, 2019 judgment, issuing a permanent injunction, averring that:

1.) Ms. Williams failed to establish good and reasonable grounds to fear for her safety;

2.) the district court erred in disregarding expert testimony; and

3.) the permanent injunction improperly restricts Mr. Haley's ability to collect the attorney's fee judgment rendered against Ms. Williams, and restricts his ability to practice law in any case involving Ms. Williams.

Finding the permanent injunction issued does restrict Mr. Haley's ability to collect the attorney's fee award and practice law, we amend the judgment of the district court. In all other respects, we find Mr. Haley's assignments of error are without merit.

Appellate courts apply the manifest error standard of review to a district court's decision to grant or deny a permanent injunction. *Merrick, L.L.C. v. Airport Auth. for Airport Dist. No. 1 of Calcasieu Par.*, 19-185, p. 3 (La. App. 3 Cir. 11/6/19), 283 So.3d 596, 599 (*Mary Moe, L.L.C. v. La. Bd. of Ethics*, 03-2220, p. 9 (La. 4/14/04), 875 So.2d 22, 30).

As stated previously, the district court issued a permanent injunction "enjoining and prohibiting" Mr. Haley, his agents or assigns, "from harassing, threatening, coming into any physical contact with" Ms. Williams and "from communicating with her in any manner." Explaining that is was evident from a review of the video footage what transpired between the parties and that a showing of irreparable harm was not required because Mr. Haley committed an illegal act, the district court set forth the following Reasons for Judgment:

9

> The Court did not need the testimony of the two experts retained in this case. The Court camera recorded the incident in question which happened in the hall of Civil District Court between the courtrooms of Divisions D and G. It was easy to determine what happened. Mr. Haley had ample room to avoid contact with Ms. Williams, but he failed to do so. Had his actions been unintentional, he would have stopped and excused himself. That didn't happen. It is surprising to this Court that a lawyer would act in this manner.
>
> Mr. Haley's attorney also argues that Ms. Williams is not entitled to an injunction because there was no irreparable harm. Irreparable harm is not required when an act is illegal. Mr. Haley's conduct meets this standard. As such, an injunction is appropriate.

Mr. Haley contends that Ms. Williams did not establish good and reasonable grounds to fear for her safety pursuant to La. Code Civ. Proc. art. 3603.1 (A), entitled *Governing provisions for issuance of protective orders: grounds; notice; court appointed counsel,* which provides in pertinent part:

> no temporary restraining order or preliminary injunction prohibiting a spouse or other person from harming or going near or in the proximity of another shall issue, unless the complainant has good and reasonable grounds to fear for his or her safety. . .

La. Code Civ. Proc. art. 3603.1 (A), we note, is inapplicable to permanent injunctions. Moreover, although Mr. Haley avers that the district court prohibited him for going "near or in the proximity" of Ms. Williams, there is no such language in the March 12, 2019 judgment.

Additionally, the district court explained that it determined Mr. Haley committed an illegal act in this instance for which a showing of irreparable harm is not required.[4] *Int'l Marine Terminals P'ship v. Port Ship Serv., Inc.*, 03-0629, pp.

---

[4] We recognize that appeals are taken from the judgment, not the reasons for judgment. *Wooley v. Lucksinger*, 09-571, 09-584, 09-585, 09-586, p. 77 (La.4/1/11), 61 So.3d 507, 572. We

6-7 (La. App. 4 Cir. 12/30/03), 865 So.2d 199, 204 [citations omitted]. The Judgment is silent as to which illegal act Mr. Haley committed. Nevertheless, the district court reasoned that Mr. Haley purposely collided with Ms. Williams based upon its review of the aforementioned footage. Thus, the district court may have construed his actions as a battery. A "battery" is a harmful or offensive contact with a person, resulting from an act intended to cause him to suffer such a contact. *Caudle v. Betts*, 512 So.2d 389, 391 (La. 1987).[5] "It is sufficient if the actor intends to inflict either a harmful or offensive contact without the other's consent." *Id.*; *See also Guste v. Lirette*, 17-1248, p. 5 (La. App. 1 Cir. 6/4/18), 251 So.3d 1126, 1130. In light of the foregoing, we find Mr. Haley's argument lacks merit and there has been no showing that the district court manifestly erred in determining Ms. Williams established good and reasonable grounds to fear for her safety.

Moreover, regarding expert testimony, it is within the district court's discretion to determine whether it will accept expert testimony. A factfinder is not "bound by opinion evidence" and has the discretion "to disregard expert testimony altogether." *Burns v. CLK Investments V, L.L.C.*, 10-277, p. 19 (La. App. 4 Cir. 9/1/10), 45 So.3d 1152, 1164. Further, the fact finder is entitled to the aid of an expert in determining the existence or nonexistence of facts not in common knowledge, but an expert may not take the place of the fact finder as to ultimate determinations of fact. *Bradford v. CITGO Petroleum Corp.*, 17-296, p. 38 (La. App. 3 Cir. 1/10/18), 237 So.3d 648, 677 [citations omitted]. The district court

---

discuss the district court's Reasons for Judgment here to note there was a reasonable basis for the district court's decision.

[5] A battery is also defined as the intentional use of force or violence upon the person of another. La. Rev. Stat. 14:33.

11

ultimately made its own determination of what transpired between the parties based upon the record. We therefore find that this assignment of error lacks merit.

Nevertheless, we do find merit in Mr. Haley's assertion that the permanent injunction improperly restricts his ability to collect the attorney's fee judgment rendered against Ms. Williams, as well as restricts his ability to practice law in any case involving Ms. Williams. The district court, as noted above, enjoined Mr. Haley and his agents or assigns from "harassing, threatening, coming into any physical contact" with Ms. Williams and "from communicating with her in any manner."

Communication would be necessary to some degree between the parties, or between Ms. Williams and Mr. Haley's attorneys to coordinate payment of the October 31, 2018 attorney's fee judgment. Moreover, the parties and Mr. Haley's attorneys are all practicing lawyers in a relatively small metropolitan area. In consideration of these facts, it is foreseeable that these attorneys may occasionally, professionally interact and may have the need to communicate.

We find that the Rules of Professional Conduct, adopted by the Supreme Court of Louisiana pursuant to its exclusive and plenary power to regulate the practice of law, are binding upon the parties herein and are sufficient to regulate their conduct, specifically their communication. See Rules 4.2 and 4.4(a), Louisiana Rules of Professional Conduct. Thus, we amend the March 12, 2019 judgment, removing the restriction of "and from communicating with her in any manner." We affirm the permanent injunction as amended.

### Motion to Dismiss and/or Alternatively Motion to Strike

Lastly, upon our review of Mr. Haley's motion to dismiss the appeal of Ms. Williams and/or alternatively his motion to strike the March 12, 2019 judgment

with Reasons for Judgment as well as a statement in Ms. Williams' brief, we find both motions lack merit.

In his motion to dismiss, Mr. Haley avers that this Court's prior denial the writ application of Ms. Williams, *Williams v. Haley*, 18-C-0968 (La. App. 4th Cir. 01/07/19), is law of the case. As explained above, we decline to apply this doctrine in the instant matter. Thus, we deny the motion to dismiss.

Finally, Mr. Haley moves to strike the March 12, 2019 judgments and Reasons for Judgment as well as statements contained in Ms. Williams' brief that she was "body slammed" by him.

"The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter." La. Code Civ. Proc. art. 964. Motions to strike are disfavored "because striking a portion of a pleading is a drastic remedy, and because it is often sought by the movant simply as a dilatory tactic." *Carr v. Abel,* 10-835, p. 7 (La. App. 5 Cir. 3/29/11), 64 So.3d 292, 296. "A motion to strike is only proper if it can be shown that the allegations being challenged are so unrelated to a plaintiff's claims as to be unworthy of any consideration and that their presence in the pleading would be prejudicial to the moving party." *Id.*, 10-835, pp. 7-8, 64 So.3d at 296.

We deny the motion to strike as moot for two reasons. First, the March 12, 2019 judgment and Reasons for Judgment became a part of the record upon the consolidation of the instant appeals, and therefore, were properly before this Court for review. We further find Ms. Williams assertion that she was "body slammed" by Mr. Haley is consistent with the allegations contained in her petitions and her

13

arguments throughout the district court proceedings. Consequently, we deny this motion.

## DECREE

For the foregoing reasons, the October 31, 2018 judgments of the district court are affirmed. Moreover, we dismiss in part as moot the appeal of Ms. Williams. We amend the March 12, 2019 judgment, granting the permanent injunction, and affirm as amended. Lastly, the motion to dismiss and/or alternatively motion to strike the appeal of Ms. Williams, is denied.

**OCTOBER 31, 2018 JUDGMENTS AFFIRMED; APPEAL DISMISSED IN PART AS MOOT; MARCH 12, 2019 JUDGMENT AMENDED AND AFFIRMED AS AMENDED; MOTION DENIED**