83 So.2d 908

**Chester Warren POWELL**

v.

**J. Ed COX.**

No. 42460.

Nov. 7, 1955.

Robert H. Wimberly, Arcadia, for relator.

Goff & Caskey, Arcadia, for respondent.

SIMON, Justice.

Relator, Chester Warren Powell, alleging ownership of certain real property and the improvements thereon, applied for and obtained a temporary restraining order pending trial of a rule for the preliminary injunction to restrain the respondent, J. Ed Cox, from further trespassing upon said property and demolishing and removing certain named improvements situated thereon. A temporary restraining order was granted upon relator furnishing bond, and a rule nisi issued ordering and directing respondent to show cause why a preliminary writ of injunction should not be granted. On the following day, respondent obtained an order directed against relator to show cause why the temporary restraining order should not be dissolved and why damages resulting from the alleged improvident issuance thereof should not be allowed to respondent.

Upon a trial of the motion to dissolve the temporary restraining order, judgment was rendered ordering its dissolution conditioned upon the respondent furnishing, within ten days, a bond in the sum of $2,500, and reserving unto the respondent the right to sue for whatever damages he may have sustained as a result of its improvident issuance. A judgment was also rendered dismissing relator's application for a preliminary writ of injunction, provided and conditioned, however, upon the respondent having furnished the surety bond required by the trial court for the dissolution of the temporary restraining order. The trial court further decreed that upon default of respondent in furnishing said bond, a preliminary injunction would automatically issue upon relator furnishing bond, in accord with law, in the sum of $1,000. Relator thereupon applied to this court for writs of certiorari, prohibition and mandamus to review the foregoing rulings and judgments, which were granted with a stay order.

In resolving the issues herein presented, resort must be had to our codal laws[1] and jurisprudence governing the nature, objects and purposes of restraining orders and the issuance of preliminary injunctions.

A temporary restraining order, granted without notice to the opposite party, is intended to and does actually serve only as a temporary restraint on the defendant until the propriety of granting a preliminary injunction may be determined,

1. LSA–R.S. 13:4062 et seq., Act 29 of 1924.

objectively preserving the status quo until that determination. Its very name, "temporary restraining order", and the fact that it expires and ceases to exist within a time fixed after entry, not to exceed ten days, unless extended within the time fixed for good cause shown, definitely designates its meaning and purpose.[2] Such an order is clearly distinguishable from a preliminary writ of injunction. Manifestly, it does not enjoy the force and vigor of the latter; granted without notice, it is merely preliminary to a hearing and wholly independent thereof. It does not determine any controverted right but issues as a preventive to a threatened wrong, an obvious perpetration of injury, the prevention of a material lessening in the value of a thing or its total loss, and by such restraint to protect the rights of all parties involved until the issues and equities can be resolved in proper subsequent proceedings.

 Unquestionably, a trial judge enjoys the power and authority, upon a proper showing, to dissolve a temporary restraining order improvidently issued. Equally unquestionable is the fact that a trial judge is unauthorized to dissolve a temporary restraining order, conditioned upon the defendant furnishing a surety bond. As previously observed, a temporary restraining order expires within the time fixed by the court. It ceases to exist and its legal effectiveness is of no moment as of the date of the hearing of the rule nisi for either the granting or refusing of a preliminary injunction. However, we know of no law, nor has any been cited to us, which vests in a trial judge the right, discretionary or otherwise, of dissolving a temporary restraining order conditioned upon the furnishing of bonded security. Obviously, the effect of such an order would be to instill life into a right which, having served its function, has expired, not to be revived save by proceedings sanctioned by our law. It follows that one seeking the dissolution of a restraining order, upon a proper showing, is entitled thereto without the burden of furnishing a bond therefor.

At the time of filing of this suit, when a temporary restraining order and a rule nisi was issued, plaintiff alleged that there was a dispute between him and the defendant as to the ownership of the certain improvements placed by the defendant on property which he leased from plaintiff; that there was a disagreement between the parties as to the interpretation of the written contract of lease in regard to the ownership of improvements placed thereon during the tenure of the lease. The rule nisi ordered defendant to show cause why he should not be enjoined from further entering upon plaintiff's property and removing the said improvements, which is the property in dispute herein.

---

**2.** Snowden v. Red River and Bayou Des Glaises Levee and Drainage Dist., 172 La. 447, 134 So. 389.

Upon a hearing, the trial judge dismissed the rule nisi and rendered the judgment aforementioned and herein complained of.

 Upon a hearing of a rule nisi a trial court is called upon to either grant, upon a proper showing, a preliminary writ of injunction conditioned upon plaintiff furnishing bond, or to dismiss the rule and deny the relief sought. Should a preliminary writ of injunction issue, its effect is to maintain the status quo and serve as a protection of the rights of all parties pending the determination of the merits of the controversy. In granting a preliminary writ of injunction, it should appear on the face of the pleadings that such facts exist as are sufficient in themselves to constitute a cause of action for injunction and that the protection sought is needed to avoid irreparable injury before the merits of the case can be legally disposed of. However, as was stated in disposing of the ruling of the lower court in dissolving the restraining order, the dismissal of a rule nisi is for all intents and purposes a ruling that plaintiff has no right to the relief sought. To deny a writ conditioned upon the defendant furnishing a bond and in default thereof to order that a preliminary injunction automatically issue is not only unauthorized by our law but would ultimately place at the pleasure of the defendant whether such injunction would or would not issue. The trial court, having dismissed the rule and denied the relief sought, cannot, upon the compliance of a contingency, reinstate that which the court has formerly denied.

In the instant case relator alleged his ownership of the improvements in question and the disturbance of that ownership, possession and enjoyment. Our law declares that the issuance of injunctions is mandatory "When the defendant disturbs the plaintiff in the actual and real possession which such plaintiff has had for more than one year, either of a real estate or of a real right, of which he claims either the ownership, the possession or the enjoyment."[3]

Furthermore, relator showed in his pleadings and by evidence presented before the trial court that, at the time of the issuance of the rule nisi, the respondent was in the act and process of demolishing the improvements in question which is the property in dispute herein, and which acts would cause irreparable injury to plaintiff unless enjoined until the rights of the parties could be determined. Manifestly, under such pleadings and evidence, courts are authorized to grant injunctions so as to preserve the property in dispute until the merits be determined.[4]

3. Code of Prac. art. 298, subd. 5.
4. Code of Pract. Art. 303: " * * * courts of justice may grant injunctions in all other cases when it is necessary to preserve the property in dispute during the pendency of the action, and to prevent one of the parties, during the continuance of the suit, from dilapidating the same, or from doing some other act injurious to the other party."

■ It is our inescapable conclusion that we should, in this instance, exercise our supervisory powers to the end that no irreparable injury may be done relator pending a final decision on the merits.

For the reasons assigned, it is ordered that the preliminary writs granted in this instance, be, and they are hereby made peremptory, and accordingly the Honorable P. E. Brown, Judge of the Second Judicial District Court for the Parish of Claiborne, is directed and commanded to grant forthwith to plaintiff, relator in this case, a preliminary writ of injunction as prayed for by him, the writ to remain in force and effect until the final decision of the merits as provided for by law.