PONDER, Judge.
This is a suit for foreclosure by executo-ry process against which defendant obtained a temporary restraining order. Plaintiff then filed a motion to dissolve the temporary restraining order and for damages. The rule for a preliminary injunction and the motion to dissolve were tried simultaneously. The court dissolved the temporary restraining order, denied the preliminary injunction and awarded damages in the amount of $100.00 plus attorney fees. The judgment was signed on March 25, 1983. Defendant filed a petition for appeal on April 25. The court set a suspensive appeal bond of $1200.00 and amended the order to read as follows:
“It is Further Ordered that the money judgment is stayed due to the appeal. The proposed sheriff sale is not stayed since no injunction was issued.” The bond was filed on May 2.
An order dissolving a temporary restraining order is not appealable. Ducote v. Couvillon, 401 So.2d 621 (La.App. 3d Cir.1981).
An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days of the order or judgment. La. C.C.P. art. 3612.
We therefore have before us only the question of damages and attorney fees for the dissolution of the temporary restraining order.
Appellant argues that the $100.00 award of damages based upon the alleged wrongful issuance of the restraining order and the attorney fees was improper because the restraining order was issued by the court on the basis of good faith affidavits.
La.C.C.P. art. 3608, in part, provides: “The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconven-tional demand.”
The word “wrongful” does not necessarily connote bad faith or connivance, but it does import the infringement of some right. The use of the injunctive process is an extreme remedy, and its improper issuance requires the mover to stand the responsibility therefor. Roy v. Union Bank, 347 So.2d 286 (La.App. 3d Cir.1977), writ denied, 350 So.2d 895, 902 (1977). Therefore, whether the appellant sought the temporary restraining order on *1011 good faith grounds is irrelevant. We conclude that the issuance of the temporary restraining order was “wrongful” within the context of La.C.C.P. art. 3608 and affirm the $100.00 award of damages.
The $650.00 award of attorney fees is also contested by appellant. However, appellant has not presented the court with any specific legal argument or testimony to contradict the validity of the attorney fees.
La.C.C.P. art. 3608 also provides:
“Attorney fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.” (Emphasis added.)
The temporary restraining order was issued on March 7, 1983, the motion to dissolve the restraining order was filed by appellee on March 15, 1983 and the hearing was held on March 22, 1983. Thus, the hearing on the matter was held after the expiration of the temporary restraining order. Where the temporary restraining order has expired by operation of law ten days after issuance before a hearing is had to determine if it should be dissolved, the issue is moot and attorney fees have generally been denied. Copellar v. Yount, 361 So.2d 971 (La.App. 3d Cir.), writ denied 363 So.2d 534 (La.1978); Lighthouse Life Insurance Company, Inc. v. Rich, 343 So.2d 444 (La.App. 3d Cir.1977).
For the reasons assigned, the judgment appealed from is amended to delete the award of attorney fees and is affirmed as amended. All costs of this appeal are assessed against the appellant.
AMENDED AND AS AMENDED AFFIRMED.