# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-261

**LYLE E. GIROUARD AND JO D. BREAUX**

**VERSUS**

**SUMMIT FINANCIAL WEALTH ADVISORS, LLC
AND RUTH MONCUS**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20195838
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JONATHAN W. PERRY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Jonathan W. Perry, Judges.

**Peremptory exception of nonjoinder of an indispensable party granted;
Peremptory exception of no right of action affirmed as amended;
Award of attorney fees affirmed as amended;
Motion to strike and sanctions denied;
Request for damages for frivolous appeal denied.**

**Alan K. Breaud**
**Timothy W. Basden**
**Breaud & Myers**
**Post Office Box 3448**
**Lafayette, Louisiana 70502**
**(337) 266-2200**
**Attorneys for Appellants and Cross-Appellees:**
      **Lyle E. Girouard and Jo D. Breaux**

**James H. Gibson**
**Charles M. Kreamer, Sr.**
**Stacy N. Kennedy**
**Gibson Law Partners, LLC**
**2448 Johnston Street**
**Post Office Box 52124**
**Lafayette, Louisiana 70505**
**(337) 761-6023**
**Attorneys for Appellees and Cross-Appellants:**
      **James D. Moncus and Ruth Moncus**

**Mitchell J. Hoffman**
**Paula H. Lee**
**Lowe, Stein, Hoffman, Allweis & Hauver, LLP**
**701 Poydras Street, Suite 3600**
**New Orleans, Louisiana 70139-7735**
**(504) 581-2540**
**Attorneys for Appellees and Cross-Appellants:**
      **James D. Moncus and Ruth Moncus**

**PERRY, Judge.**

This appeal involves questions of whether certain persons had a right of action to pursue a temporary restraining order and ancillary injunctive relief and whether an indispensable party was improperly omitted. In addition, this appeal questions whether the trial court could award damages for the wrongful issuance of that temporary restraining order because it expired by virtue of law before the motion to dissolve was filed and whether those damages could extend beyond its legal dissolution because the trial court improperly, and without a request from the movers, extended the expired temporary restraining order on its own motion. We grant *sua sponte* the peremptory exception of nonjoinder of an indispensable party, amend and affirm the trial court's grant of the peremptory exception of no right of action, amend and increase the attorney fee award, deny the motion to strike and request for sanctions, deny the request for damages for a frivolous appeal, and render.

## FACTS AND PROCEDURAL HISTORY

On September 16, 2019, Lyle E. Girouard ("Girouard") and Jo D. Breaux ("Breaux") filed a Petition for Interdiction, Protection from Abuse, and to Void Acts concerning James D. Moncus ("J.D.M.") under Docket Number 2019-5760; that proceeding was randomly allotted to Division "D" before the Honorable Edward D. Rubin.[1] On that same date, these same petitioners filed a Verified Petition for Temporary Restraining Order, Preliminary and Permanent Injunction, naming as defendants Summit Financial Wealth Advisors, LLC ("Summit") and Ruth Moncus ("Moncus"); Summit manages four investment accounts for J.D.M., and Moncus is

---

[1] Judge Rubin has since been recused from this case. *In Re: J.D.M.,* 20-67 (La.App. 3 Cir. 3/9/20) (unpublished writ decision).

J.D.M.'s wife.  This later proceeding was randomly allotted to Division "L" before the Honorable Marilyn C. Castle under Docket Number 2019-5838.[2]

Even though the petition for injunctive relief was allotted to Judge Castle, the matter was heard before Judge Rubin because Judge Castle was not in the country at the time.  On September 17, 2019, Judge Rubin granted a Temporary Restraining Order which stated:

> IT IS HEREBY ORDERED that a Temporary Restraining Order issue herein immediately, upon Petitioners posting bond in the amount of $2,500.00, directed to the Defendants, Summit Financial Wealth Advisors, LLC and Ruth Moncus, either directly or through any other person or entity from:
>
> Alienating, destroying, liquidating or, in any way making changes to the estate of J.D.M. in the possession of Summit Financial Wealth Advisors, LLC, including investment accounts:  Account 5977-0309, account 7247-7550; Account 6001-3443, Account 2175-7661, such that no property of J.D.M. be sold, donated or transferred, and that no investments or holdings by liquidated, moved, or in any way alienated until further Order of the Court.

In that same order, Judge Rubin ordered Summit Financial and Moncus to show cause on November 18, 2019, at 9:00 a.m., why a preliminary injunction should not issue, in the form and substance of the TRO.  After the Deputy Clerk of Court certified that Girouard and Breaux posted the $2,500.00 bond, the temporary restraining orders directed to Summit Financial and Moncus were recorded in the Clerk of Court's office for Lafayette Parish on September 17, 2019, at 10:47:24 a.m. and 10:47:47 a.m., respectively.

---

[2] Attached to their writ application No. 20-67 to this Court in which they sought the recusal of Judge Rubin from the interdiction proceedings, the Moncuses provided a copy of Girouard and Breaux's motion to consolidate the interdiction proceeding and the petition for injunctive relief. That motion is dated September 17, 2019 and was set by Judge Rubin for a hearing on October 28, 2019.  From what we have been able to determine from the record now before us, that motion for consolidation has not been heard.

On September 23, 2019, J.D.M. and Ruth Moncus ("the Moncuses") filed a rule to show cause to dissolve the TRO and sought damages and attorney fees for the wrongful issuance of the TRO. They further filed peremptory exceptions of nonjoinder of a party under La.Code Civ.P. arts. 641 and 642 as to J.D.M., no right of action, and no cause of action. On that same date, Judge Rubin issued the following order:

> IT IS ORDERED that James Moncus is immediately joined in this suit as an indispensable party, and the request for expedited hearing is granted.[3]
>
> IT IS FURTHER ORDERED that Plaintiffs, Lyle E. Girouard and Jo D. Breaux, appear and show cause on the 30 day of September, 2019, at 10:00 o'clock a.m., if any they have or can, why Movers, James and Ruth Moncus's[] Motion to Dissolve Temporary Restraining Order and For Damages for Wrongful Issuance of Temporary Restraining Order and for Attorneys Fees, and Peremptory Exceptions of Nonjoinder of a Party under Articles 641 and 642, and for No Right of Action and No Cause of Action should not be granted, and why they should not be ordered to pay damages including, but not limited to, attorney's fees and costs, for wrongful issuance of the temporary restraining orders, why James Moncus should not have been immediately joined in this suit as an indispensable party, and why their Petition should not be dismissed with prejudice at their cost.

Contemporaneous with that filing, Girouard and Breaux asked Judge Rubin to reset the hearing on the preliminary injunction for September 30, 2019, the same date set as the rule to show cause to dissolve the TRO.

At the hearing on September 30, 2019, Judge Rubin entertained oral argument, focusing primarily on the issue of whether Girouard and Breaux had standing to bring their petition for a TRO and injunctive relief. Without ruling on the standing issue he raised or anything else scheduled for that day, Judge Rubin stated that he

---

[3] This was entered ex parte without a hearing. This entry which purportedly joined J.D.M. as an indispensable party is called into question later in that same order which set that issue for hearing. Further, as noted in a judgment dated October 17, 2019, one that addressed his ruling from the hearing on September 30, 2019, Judge Rubin denied all the peremptory exceptions, including the inclusion of J.D.M. as an indispensable party.

would appoint a psychiatrist to examine J.D.M. and that he would not dissolve the TRO but would allow it to remain, pending a report from the psychiatrist.

Thereafter, the Moncuses timely filed a notice of intent to apply for a supervisory writ to this court. This court granted the writ in part and vacated and set aside the TRO based on a failure to comply with the requirements of La.Code Civ.P. arts. 3603 and 3604; it then remanded the case to the trial court for further proceedings, particularly to determine "the outstanding motion for attorneys' fees for wrongful issuance of the TRO." *Girouard v. Summit Fin. Wealth Advisors, LLC*, 19-715 (La.App. 3 Cir. 10/29/19) (unpublished writ decision).

On remand to the district court, Judge Castle granted the peremptory exception of no right of action and dismissed with prejudice all claims Girouard and Breaux asserted in their claim for injunctive relief against Summit Financial and Ruth Moncus. The only damages sustained and sought were attorney fees; attorneys from the two law firms who represented the Moncuses, called by Girouard and Breaux, testified about their billings related to the dissolution of the TRO. In that regard, Judge Castle also granted judgment against Girouard and Breaux for the wrongful issuance of the TRO they filed against Ruth Moncus. However, in making this ruling, Judge Castle only awarded attorney fees up to the time the TRO expired by law prior to the hearing Judge Rubin conducted; accordingly, she awarded none of the attorney fees the Moncuses incurred in their successful writ application to this court. The trial court then rendered judgment "in favor of Ruth Moncus for attorney fees in the amount of $18,280.25, consisting of attorney fees for the service of Lowe, Stein, Hoffman, Allweiss & Hauver, LLP, in the amount of $12,141.00, and for services of Gibson Law Partners, LLC in the amount of $6,139.25."[4]

---

[4] The trial court only cast judgment in favor of Ruth Moncus and did not assess Girouard and Breaux with court costs.

4

Girouard and Breaux appealed, urging that the trial court erred: (1) in awarding attorney fees to Ruth Moncus in connection with a TRO which expired by operation of law three days before the hearing on the motion to dissolve and which was reimposed *sua sponte* by the trial court without legal authority; (2) in granting excessive attorney fees to Ruth Moncus related to legal work which was not directly related to the litigation of a successful motion to dissolve the TRO; and (3) in granting the peremptory exception of no right of action filed by Ruth Moncus and dismissing the petition for TRO, preliminary and permanent injunction filed by Girouard and Breaux.

The Moncuses also appealed, arguing that the trial court erred in using a fault-based inquiry to award less than the total amount of attorney fees and costs incurred by the improperly restrained party in successfully dissolving the wrongfully issued TRO.  Additionally, they have answered the appeal of Girouard and Breaux, further seeking attorney fees and costs in defending this appeal.

Furthermore, the Moncuses have filed a motion to strike portions of the brief filed on behalf of Girouard and Breaux pursuant to Rule 2-12.2(C) of the Uniform Rules of the Louisiana Court of Appeal.  Also, the Moncuses have asked us to find Girouard and Breaux in contempt, urging that they have violated the trial court order which sealed the filings made in the interdiction proceeding, *In Re J.D.M.*

## DISCUSSION

### *J.D.M.'s Status as a Litigant*

From the outset, we must address J.D.M.'s presence as a party-litigant in the trial court and now before us.  The initial pleadings of Girouard and Breaux do not name him as a defendant; neither does the TRO granted by Judge Rubin name him as one bound by the restraining order.  Also, the trial court judgment, which forms the basis for this appeal, neither names him as a party who filed the peremptory

5

exception of no right of action nor grants him judgment in its award of attorney fees. To the contrary, the trial court judgment identifies Ruth Moncus as the party who filed the peremptory exception of no right of action and grants the attorney fee award "in favor of Ruth Moncus" alone. And yet, all the responsive pleadings in the trial court and in this court are styled as being those of J.D.M. and Ruth Moncus.

Our review of the record shows that on September 23, 2019, James and Ruth Moncus filed a motion to dissolve the TRO and sought damages and attorney fees for the wrongful issuance of the TRO; they also filed peremptory exceptions of nonjoinder of a party under La.Code Civ.P. arts. 641 and 642, as well as no right of action and no cause of action. They further requested that J.D.M. be joined as an indispensable party and requested an expedited hearing.

Prior to the hearing of these matters on September 30, 2019, Judge Rubin signed a confusing order, which does appear in the present record, namely the one assigned to Division "L", Judge Castle's allotted case, when Judge Castle was unavailable. In the second paragraph of the order, Judge Rubin stated, "IT IS ORDERED that James Moncus is immediately joined in this suit as an indispensable party, and the request for expedited hearing is granted." However, in the very next paragraph of that same order, Judge Rubin stated, in part, "IT IS FURTHER ORDERED that Plaintiffs, Lyle E. Girouard and Jo D. Breaux, appear and show cause on the 30 day of September, 2019, at 10:00 o'clock a.m., if they can . . . why James Moncus should not have been immediately joined in this suit as an indispensable party[.]"

After the hearing on September 30, 2019, Judge Rubin signed a judgment on October 17, 2019, to incorporate his ruling that extended the TRO, pending a psychiatric evaluation of J.D.M. Unfortunately, all the language which pertains to the motion for dissolution of the TRO and the peremptory exceptions, including the

6

Moncuses' contention that J.D.M. was an indispensable party, is stricken through and "Denied" is handwritten in the left margin. Lastly, we note that Judge Castle never again considered the question of whether J.D.M. was an indispensable party.

Although there has been no definitive determination of whether J.D.M. was an indispensable party, under the authority of La.Code Civ.P. art. 927 (B), it is provided that "[t]he nonjoinder of a party . . . may be noticed by either the trial or appellate court on its own motion." Accordingly, based upon that authority, we find it necessary to address whether J.D.M. was an indispensable party.

Louisiana Code of Civil Procedure Article 641 provides as follows:

A person shall be joined as a party in the action when either:

(1) In his absence complete relief cannot be accorded among those already parties.

(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:

(a) As a practical matter, impair or impede his ability to protect that interest.

(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

Looking closely at La.Code Civ.P. art. 641, there are only two sets of circumstances under which a third-party may be considered a party needed for just adjudication, and a person may be considered indispensable only if one of the two circumstances listed therein exists. In the first instance, La.Code Civ.P. art. 641(1) provides that a person may be considered a party needed for a just adjudication if, absent his presence, "complete relief cannot be accorded among those already parties." Likewise, pursuant to La.Code Civ.P. art. 641(2), a person may be considered a party needed for a just adjudication if that person claims an interest relating to the subject matter of the suit and if other conditions specified in that

subpart are present. *See Industrial Cos., Inc. v. Durbin,* 02-0665 (La. 1/28/03), 837 So.2d 1207.

Turning now to the case before us, the petition for TRO that Girouard and Breaux filed states that "J.D.M.[]has solely owned assets in the possession of Summit Financial Wealth Advisors, LLC and invested in four (4) separate investment accounts[.]" That petition further requests that the trial court "issue a Temporary Restraining Order issued to both Summit Financial and Ruth Moncus which Orders that there be no alienation of the estate of J.D.M. during the pendency of these proceedings, that no property be sold, donated or transferred, and that no investment or holdings be liquidated, moved, or in any way alienated."

From this pleading alone it is clear that J.D.M. has a direct ownership of the assets at the heart of the petition for a TRO, and it is his assets administered by Summit Financial which are bound and restricted. Although reference is made to pleadings filed in an interdiction proceeding involving J.D.M., at this juncture J.D.M., as a matter of law, is presumed to have the capacity to administer those assets. As this court stated in *Herbert & Lula Marie Fusilier Revocable Living Tr. v. EnLink NGL Pipeline, LP*, 17-33, p. 4 (La.App. 3 Cir. 5/24/17), 220 So.3d 904, 908, *writ denied*, 17-1432 (La. 11/6/17), 229 So.3d 474, "Louisiana Civil Code Article 1918 provides that '[a]ll persons have capacity to contract, except unemancipated minors, interdicts, and persons deprived of reason at the time of contracting.'" Therefore, unless one of these three special exceptions is shown to apply, all persons are presumed to have the capacity to contract. *Skannal v. Bamburg*, 44,820 (La.App. 2 Cir. 1/27/10), 33 So.3d 227."

Accordingly, we find that J.D.M., who is presumed to have capacity to administer his assets, was an indispensable party to this litigation. Thus, on our own motion as authorized under La.Code Civ.P. art. 927(B), we grant the peremptory

8

exception Ruth Moncus filed in her response to Girouard and Breaux's petition for injunctive relief and amend the judgment to recognize J.D.M. as a party defendant.

As an ancillary matter, we further find that even though J.D.M. may have been an unnamed, but indispensable, party in the lower court proceedings, La.Code Civ.P. art. 2086 provides that "[a] person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken." Therefore, we further find that J.D.M. properly appealed the lower court judgment and is properly before us.

Normally, the jurisprudence has consistently held that "[w]hen an appellate court notices the absence of indispensable parties to a suit on appeal, the appropriate remedy is to set aside the judgment and remand the matter for joinder of the absent parties and retrial." *Suire v. Oleum Operating Co.*, 17-117, p. 17 (La.App. 3 Cir. 11/2/17), 235 So.3d 1215, 1228-29, *quoting Nicholas v. Richardson*, 573 So.2 1317, 1318 (La.App. 3 Cir. 1991), *writs denied*, 18-0279 (La. 4/6/18), 239 So.3d 827 and 240 So.3d 184. However, because the trial court dismissed Girouard and Breaux's petition for injunctive relief on the ground that neither of them had a right of action, we must first address their contention that the trial court erred in this regard before determining whether to set aside the judgment and remand for J.D.M.'s joinder and a retrial. This determination will dictate whether a remand for a new trial is required with the addition of J.D.M. as an indispensable party.

### *No Right of Action*

Girouard and Breaux contend that the trial court erred when it granted the peremptory exception of no right of action, dismissing them from their action for injunctive relief against Summit and Moncus. They argue that the trial court failed to recognize that their suit for injunctive relief was filed as an ancillary to their properly filed petition to have J.D.M. interdicted and that their request for a TRO was sought to protect the proposed interdict's assets from waste or conversion.

Moncus and J.D.M. counter, stating that Girouard and Breaux have no right of action because they, as applicants, have not and are unable to state they will suffer "irreparable injury, loss, or damage," and any claim they may have had that they acted as J.D.M.'s attorneys-in-fact ended when J.D.M. revoked such procuration prior to their filing of their petition for injunctive relief.

In *Abshire v. Fournet*, 08-419 (La.App. 3 Cir. 12/10/08), 998 So.2d 374, 377, this court stated:

> The exception of no right of action raises a question of law subject to de novo review by the courts of appeal. *Gahagan v. Thornton,* 03-851 (La.App. 3 Cir. 12/10/03), 861 So.2d 813. The function of the exception is to act as a threshold device that serves to terminate those lawsuits filed by persons who have no legal interest in judicially enforcing the right they seek to assert. *Stevens v. Bd. of Trustees of Police Pension Fund of City of Shreveport,* 309 So.2d 144 (La.1975). Stated differently, the exception serves to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. *La. Paddlewheels v. La. Riverboat Gaming Comm'n,* 94-2015 (La.11/30/94), 646 So.2d 885.

When addressing the "right" that is the core of the peremptory exception of no right of action, our supreme court stated in *Louisiana Hotel-Motel Ass'n Inc. v. East Baton Rouge Parish*, 385 So.2d 1193, 1196 (La.1980), "Those who assert the 'right' must have both the capacity to assert it (must be among those who have an interest to assert the right) and a cause which they are able to assert (must have a remedy afforded by law)." The interest that is referenced is the real or actual interest explained in La.Code Civ.P. art. 681 (emphasis added), which states, "Except as otherwise provided by law, an action can be brought only by a person having a *real and actual interest* which he asserts."

Girouard and Breaux argue that although they have no ownership claim to J.D.M.'s assets, they nonetheless were the proper parties to initiate the petition for injunctive relief. Their argument is based, in part, on the provision of La.Code Civ.P. art. 4541(A) which provides in part that "[a]ny person may petition for the

10

interdiction of a natural person of the age of majority." With that as their premise, they contend that since J.D.M. previously selected them as his attorneys-in-fact, they properly sought his interdiction and *a fortiori* were the proper parties to seek injunctive relief.

Girouard and Breaux, relying on *Interdiction of Wright*, 13-862 (La.App. 1 Cir. 3/27/14), 144 So.3d 7, *writ denied*, 14-832 (La. 6/20/14), 141 So.3d 810, and *Interdiction of Shubert*, 17-1480 (La.App. 1 Cir. 10/27/17) (unpublished opinion), argue that their petition for injunctive relief was brought as an ancillary to their properly initiated proceeding to interdict J.D.M. In fact, they contend Louisiana law requires the filing of an independent action for injunctive relief to preserve and protect the property of the party subject to an interdiction proceeding.

After carefully examining *Wright* and *Shubert*, we find that Girouard and Breaux's assertion is misplaced. Neither case holds that petitions for injunctive relief are ancillary to interdiction proceedings. In *Wright*, 144 So.3d at 9, the appellate court found no merit to the argument that an "order" issued in the proceeding for interdiction which prohibited the disbursement of the interdict's funds was "functionally identical to injunctions." Likewise, *Shubert*, a single paragraph writ ruling that cited *Wright*, 144 So.3d at 9, simply recognized that "[a]n application for injunctive relief shall be by petition[,]" and the district court erred when it granted "a temporary restraining order and schedule[ed] hearings for preliminary injunction and permanent injunction without the use of ordinary proceedings."

Lastly, we find that Girouard and Breaux cannot rely on any assertion that their designation as attorneys-in-fact provided them standing to act on behalf of J.D.M. Entered into evidence without objection at the hearing of September 30, 2019, was a true copy of an Act of Revocation by J.D.M. dated August 5, 2019,

11

revoking "in [sic] and all Powers of Attorney or Procuration, General or Special Medical, granted or executed prior to the date hereof and further revok[ing] all rights of representation and authority to any person therein named as Appearer's agent and attorney in fact or in any other capacity whatsoever." Girouard and Breaux filed their petition for injunctive relief on September 16, 2019, well after their powers of attorney had been revoked. Thus, Judge Castle properly considered this evidence when she granted the peremptory exception of no right of action.

In summation, it is clear the petition for interdiction and the petition for injunctive relief are separate and distinct actions. Although La.Code Civ.P. art. 4541 provides that "[a]ny person may petition for the interdiction of a natural person[,]" La.Code Civ.P. art. 3601 dictates that the moving party, the applicant, for injunctive relief is required to show "irreparable injury, loss, or damage may otherwise result to the applicant[.]"[5] In *Succession of Smith v. Portie*, 19-183, p. 5 (La.App. 3 Cir. 12/30/19), 289 So.3d 77, 80 (emphasis added), we stated:

> For the purpose of determining injunctive relief, "irreparable harm" generally means loss that cannot be adequately compensated in money damages or measured by pecuniary standard. *Robbins v. State, Through State Land Office*, 97-671 (La.App. 3 Cir. 12/17/97), 704 So.2d 961, *writ denied,* 98-176 (La. 3/20/98), 715 So.2d 1214 (quoting *Star Enter. v. State, Through Dep't of Revenue and Taxation*, 95-1980, 95-1981, 95-1982, p. 13 (La.App. 1 Cir. 6/28/96), 676 So.2d 827, 834, *writ denied*, 96-1983 [ (La. 3/14/97) ], 689 So.2d 1383). While the trial court has broad discretion in deciding whether to grant injunctive relief, injunction is an extraordinary remedy and should only issue **where the party seeking relief is threatened with irreparable loss without adequate remedy at law**. *Licfro, Inc. v. State, ex rel. Dep't of Revenue, Office of Alcohol & Tobacco Control*, 03-737 (La.App. 4 Cir. 10/1/03), 859 So.2d 739.

---

[5] The jurisprudence has indicated that an exception to the requirement of showing irreparable injury may exist in cases where the deprivation of a constitutional right is at issue. *See e.g., Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673 (1976); *South Central Bell Tel. v. PSC*, 555 So.2d 1370 (La.1990); *Kruger v. Garden Dist. Ass'n*, 00-1135 (La.App. 4 Cir. 1/17/01), 779 So.2d 986, *writ denied*, 01-733 (La. 5/4/01), 791 So.2d 658. This exception is inapplicable to the present matter.

In the present case, Girouard and Breaux have no right of action to seek injunctive relief because they, as the applicants, do not meet the threshold requirement established in La.Code Civ.P. art. 3601. And, simply stated, they cannot bootstrap a right of action in this petition for injunctive relief by utilizing their status as proper petitioners in the action to interdict J.D.M.[6]

Having adversely resolved the question of whether Girouard and Breaux have a right of action to seek injunctive relief,[7] we find no need to remand this case to the trial court to retry this matter with J.D.M. added as a party defendant. J.D.M.'s addition as a party-defendant would change nothing in the analysis of the question of whether Girouard and Breaux have a right of action. Thus, we amend the trial court judgment to further recognize that Girouard and Breaux do not have a right of action against J.D.M., either.

*The Appeal of the Attorney Fee Award*

Girouard and Breaux next contend the trial court erred in awarding attorney fees to the Moncuses on a motion to dissolve. Their argument is premised on the fact that by the time the Moncuses' motion to dissolve was heard, the TRO had already expired by virtue of La.Code Civ.P. art. 3604. In addition to Girouard and Breaux's exception to the trial court's award of attorney fees, the Moncuses have

_____

[6] Under the provisions of La.Code Civ.P. art. 4549, Girouard and Breaux could have sought a temporary interdiction through a verified petition or affidavit "attesting to facts supporting the claim that immediate and irreparable injury, loss, or damage will result to the person or property of the defendant before he or his attorney can be heard." Ancillary to that, a temporary curator could have been appointed who could have taken action to conserve the property after providing security as provided in La.Code Civ.P. art. 4563. Girouard and Breaux chose not to follow this course of action.

[7] Louisiana Code of Civil Procedure Article 934 provides that "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." That codal article also states that "[i]f the grounds of the objection raised through the objection cannot be so removed , . . . the action, claim, demand, issue, or theory shall be dismissed." In the present case, we can envision no case where Girouard and Breaux could remove the objection raised in the Moncuses' peremptory exception of no right of action. Therefore, no remand to the trial court is necessary to allow them the opportunity to amend their petition to show they have a right of action.

13

appealed the trial court's limited assessment of attorney fees and have answered the appeal, seeking to increase attorney fees for their defense of the trial court's basic attorney fee award. We will separately treat these issues.

*Girouard and Breaux's Objection*

Louisiana Code of Civil Procedure Article 3604(A) provides, in pertinent part:

> A temporary restraining order shall be endorsed with the date and hour of issuance; shall be filed in the clerk's office and entered of record; shall state why the order was granted without notice and hearing; and shall expire by its terms within such time after entry, not to exceed ten days, as the court prescribes.

Louisiana Code of Civil Procedure Article 3608 provides:

> The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.

The jurisprudence has recognized the provisions of La.Code Civ.P. art. 3608 and has awarded damages for the wrongful issuance of a temporary restraining order and further specifically authorized an award of attorney fees, as an element of damages for services rendered in connection with dissolving the order. *Scheyd, Inc. v. Jefferson Parish School Bd.,* 412 So.2d 567 (La.1982); *Lay v. Vickers,* 02-667 (La.App. 5 Cir. 12/30/02), 836 So.2d 525, 531. "[A]n Article 3608 award is compensatory rather than punitive." *Board of Comm'rs v. Connick,* 95-456 (La.App. 4 Cir. 3/14/96), 671 So.2d 1004, 1008; *Scheyd, supra.*

In the present case, the record shows the TRO was issued on September 17, 2019. The Moncuses' motion to dissolve the TRO was filed on September 23, 2019. The hearing on their motion was heard on September 30, 2019; at that same time, Girouard and Breaux's motion for a preliminary injunction was scheduled. Clearly, utilizing the computation of time detailed in La.Code Civ.P. art. 5059, the TRO

14

prescribed on Friday, September 27, 2019. Nonetheless, even though the TRO had prescribed, Judge Rubin extended it, and the Moncuses had to seek a supervisory writ from this court to review his determination. After finding that Judge Rubin erroneously extended the TRO, this court remanded the matter to the trial court to consider the Moncuses' request for the award of damages and attorney fees.

On remand to the trial court, Judge Castle was presented with the questions of whether to award damages and attorney fees for the wrongful issuance of the TRO, even though the TRO had prescribed as a matter of law prior to the hearing on the Moncuses' motion to dissolve. After hearing argument for and against such an award, Judge Castle rejected the contention of Girouard and Breaux that attorney fees were not warranted as a matter of law and awarded attorney fees to the Moncuses.

In the present case, Girouard and Breaux, relying on *United Gas Pipe Line Co. v. Caldwell*, 590 So.2d 724, 726-27 (La.App. 3 Cir. 1991), urged the trial court to disallow the Moncuses' request for the award of damages and attorney fees. In *United Gas*, 590 So.2d at 726-7, this court stated the following general treatment of the award of damages and attorney fees for the successful dissolution of a TRO:

> [Louisiana Code of Civil Procedure Article] 3608 provides that the trial court may allow damages for the wrongful issuance of a TRO or preliminary injunction. In awarding these damages, the trial court has great discretion[,] and such award will not be disturbed on appeal absent an abuse of discretion. *Menoah Petroleum, Inc. v. McKinney,* 545 So.2d 1216 (La.App. 2d Cir.1989); *Ducote v. Couvillon,* 401 So.2d 621 (La.App. 3d Cir.1981). . . .
>
> . . . [Louisiana Code of Civil Procedure Article] 3608 also provides for the award of attorney's fees for the services rendered in connection with the dissolution of a TRO when dissolved on motion or after trial on the merits. However, the jurisprudence interpreting this article is very clear. In *Davis v. Raymond Petroleum, Inc.,* 396 So.2d 600 (La.App. 3d Cir.1981), this circuit analyzed the two elements of article 3608 stating:

"In our opinion the first sentence of the cited article allows the recovery of damages for the 'wrongful issuance' of a temporary restraining order on a motion to dissolve or on a reconventional demand, irrespective of the fact that when the demand is made the wrongfully issued restraining order has already expired by its terms. The second sentence of the cited article allows the inclusion of attorney's fees as an element of such damages only for services rendered in connection with the dissolution of a restraining order or preliminary injunction. Therefore, we conclude that if the wrongfully issued restraining order has already expired when the demand for dissolution is made, damages are recoverable but attorney's fees are not."

We recognize that the language in the above cited case says "when the demand for dissolution is made". This could be interpreted to mean the date the Caldwells filed their reconventional demand, April 25, 1988, three days before the expiration of the TRO which would allow recovery of attorney's fees. However, more recent jurisprudence in this area indicated that this language refers to the day of the hearing. Therefore, if the hearing for dissolution is not held before the TRO expires, attorney's fees cannot be awarded. See *Usher v. Gongre,* 526 So.2d 1307 (La.App. 3d Cir.1988); *Karst v. Ward-Steinman,* 469 So.2d 440 (La.App. 3d Cir.1985); *Cook v. Ed Francis Chevrolet,* 365 So.2d 1178 (La.App. 3d Cir.1978).

After considering this jurisprudence, the trial court rejected the argument of Girouard and Breaux. They now advance this same argument to this court. As did the trial court, we reject this argument.

After acknowledging *United Gas Pipe Line Co.*, 590 So.2d 724, and other like jurisprudence, the Moncuses make a twofold argument supporting their basic right to obtain an award of attorney fees: (1) *United Gas Pipe Line Co.* and other like jurisprudence are factually distinguishable; and (2) under *Hewitt v. Lafayette City-Parish Consolidated Government,* 16-629 (La. 5/27/16), 193 So.3d 149, La.Code Civ.P. art. 3608 permits the award of attorney fees as an element of damages for the wrongful issuance of a TRO. Without delving into the factual nuances of *United Gas Pipe Line Co.* and other like jurisprudence, we find *Hewitt* dispositive.

In *Hewitt*, 193 So.3d at 151, our supreme court stated:

Article 3608 broadly permits "damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on reconventional demand." Art. 3608 further allows that "attorney's fees for the services rendered in connection with the dissolution of a restraining order ... may be included *as an element of damages*...." As the dissenting judge [in the appellate court] reasoned, that the TRO was dissolved on joint motion is not dispositive of whether the defendants may seek damages for the wrongful issuance of a TRO, because the TRO was originally obtained contrary to the notice requirements of La.Code Civ. Proc. art. 3603(A), which resulted in the City being subject to that order, and prompted the City to incur attorney's fees to challenge the TRO before its expiration or before it was dissolved by joint motion. Accordingly, we, too, find no abuse of discretion in the district court's award of costs and associated attorney fees.

As in *Hewitt*, we find that although the TRO issued by Judge Rubin expired by operation of law prior to the hearing on the Moncuses' motion, such fact is immaterial to the question of whether attorney fees were appropriately awarded as an element of damages because the TRO was wrongfully obtained.

In *Dauphine v. Carencro High Sch.*, 02-2005, p.6 (La. 4/21/03), 843 So.2d 1096, 1102-03, the supreme court stated:

> A writ of injunction is a harsh, drastic, and extraordinary remedy and should only issue where the party seeking it is threatened with irreparable loss or injury without an adequate remedy at law. *Greenberg v. DeSalvo,* 254 La. 1019, 229 So.2d 83, *cert. denied,* 397 U.S. 1075, 90 S.Ct. 1521, 25 L.Ed.2d 809 (1970). Accordingly, LA.CODE CIV. PROC. ANN. art. 3601 provides that an injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law.

> During the pendency of an action for an injunction the court may issue a TRO. *Id.* A TRO serves only as a temporary restraint on the defendant until the propriety of granting a preliminary injunction may be determined, objectively preserving the status quo until that determination. *Powell v. Cox,* 228 La. 703, 83 So.2d 908, 910 (1955). It is issued preliminary to a hearing and wholly independent from the hearing on a preliminary injunction. *Id.* A TRO does not determine any controverted right, but issues as a preventative to a threatened wrong and operates as a restraint to protect the rights of all parties involved until issues and equities can be resolved in a proper subsequent proceeding. *Id.*

> Because injunctive relief and the issuance of a TRO are unusual remedies and their issuance should be carefully designed to achieve the

essential correction at the least possible cost and inconvenience to the defendant, our Code of Procedure sets specific requirements for their issuance. With regard to the issuance of a TRO without notice under emergency conditions, LA.CODE CIV. PROC. ANN. art. 3603 provides:

> A. A temporary restraining order shall be granted without notice when:
>
> > (1) It clearly appears from specific facts shown by a verified petition or by supporting affidavit that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and
> >
> > (2) The applicant's attorney certifies to the court in writing the efforts which have been made to give the notice or the reasons supporting his claim that notice should not be required.
>
> B. The verification or the affidavit may be made by the plaintiff, or by his counsel, or by his agent.

Elaborating on the notice provisions of article 3603, Comments (a) and (b) state:

> This amendment [1985 Acts, No. 204, § 1] changes the requirement for obtaining a temporary restraining order by adding that the applicant's attorney must show the efforts that have been made to give notice or must show why notice should not be required and further that irreparable injury will result before the adverse party or his attorney can be heard in opposition. The intent ... is to reduce the practice of issuing ex parte restraining orders without notice of any kind, and to permit the conduct of some type of adversary proceeding before, rather than after, the issuance of injunctive relief.

With regard to the form and content of the restraining order, LA.CODE CIV. PROC. ANN. art. 3604 provides, in pertinent part:

> A temporary restraining order shall be endorsed with the date and hour of issuance; shall be filed in the clerk's office and entered of record; shall state why the order was granted without notice and hearing; and shall expire by its terms within such time after entry, not to exceed ten days, as the court prescribes.

Furthermore, LA.CODE CIV. PROC. ANN. art. 3605 provides:

> An order granting either a preliminary or a final injunction or a temporary restraining order shall describe in reasonable detail, and not by mere reference to the petition or other

documents, the act or acts sought to be restrained. The order shall be effective against the parties restrained, their officers, agents, employees, and counsel, and those persons in active concert or participation with them, from the time they receive actual knowledge of the order by personal service or otherwise.

Finally, LA.CODE CIV. PROC. ANN. art. 3610 provides:

A temporary restraining order or preliminary injunction shall not issue unless the applicant furnishes security in the amount fixed by the court, except where security is dispensed with by law. The security shall indemnify the person wrongfully restrained or enjoined for the payment of costs incurred and damages sustained.

Louisiana Code of Civil Procedure Article 3608 simply permits recovery of damages in cases where injunctive relief was issued when it should not have been. Thus, a wrongful issuance, as contemplated in Article 3608, is injunctive relief that has been issued when it should not have been because the plaintiff had no right to it. No bad faith on the part of the applicant need be shown. *Arco Oil & Gas Co., a Div. of Atl. Richfield Co. v. DeShazer*, 98-1487 (La. 1/20/99), 728 So.2d 841. More specifically, in *Arco Oil*, 728 So. 2d at 844, the court further explained:

Article 3608 does not speak of wrongfully "seeking" or "obtaining" a temporary restraining order or preliminary injunction, which terms would focus attention on the party who sought and obtained the injunctive relief. Instead, Article 3608 focuses on the actions of the court by providing that damages may be awarded for the wrongful "issuance" of a temporary restraining order or preliminary injunction. Therefore, we conclude that the word "wrongful" in Article 3608 simply means incorrect, or the result of a mistake, and does not imply malice or bad faith on the part of the plaintiff.

*See also Cromwell v. Commerce & Energy Bank of Lafayette,* 528 So.2d 759 (La.App. 3 Cir. 1988).[8]

---

[8] In *Cromwell*, 528 So.2d 759, 761–62, this court stated:

A preliminary injunction is "wrongfully issued" if it infringes upon some right of the enjoined person, regardless of whether or not the injunction was requested on good faith grounds. *Roy v. Union Bank,* 347 So.2d 286 (La.App. 3 Cir.1977), *writ denied*, 350 So.2d 895 (La.1977); *Gaudet v. Reaux,* 450 So.2d 1009 (La.App. 1 Cir.1984). That the plaintiffs were not in bad faith or conniving does

In the present case, the record shows the petition for injunctive relief not only failed to show that Girouard and Breaux had a right to petition for such relief, it also made no mention as to why the TRO should be granted without a hearing or that the notice requirements had been met.[9] Thus, Moncus, the party originally subject to that order, and J.D.M. properly sought damages for the wrongful issuance of a TRO because it was abundantly clear that Girouard and Breaux had no right to seek such injunctive relief. As *Hewitt* makes clear, attorney fees incurred in a challenge to a TRO may be considered an element of damages under La.Code Civ.P. art. 3608. Accordingly, we find no abuse of discretion in Judge Castle's decision to award attorney fees. Therefore, we now turn our attention to the attorney fee awarded by the trial court.

### Damages: Attorney Fees

Girouard and Breaux contend that even if we affirm the trial court's determination that damages were due, the trial court's assessment of the attorney fee award was excessive. On the other hand, the Moncuses argue in their appeal that the award of attorney fees was too little because the trial court only considered legal services up to the date the TRO legally prescribed and did not consider the Moncuses' efforts to dissolve the TRO through a supervisory writ after Judge Rubin erroneously extended it. Also, the Moncuses seek additional attorney fees and costs in defending this appeal.

---

not make the issuance of the injunction any the less wrongful. Plaintiffs seem to be arguing that "wrongfully" as used in Article 3608 means something more than the simple fact of dissolution. It is our opinion that "wrongful issuance" of injunctive relief means simply injunctive relief that has been issued when it should not have been, because the plaintiffs had no right to it.

[9] In addition, the TRO was fatally flawed in multiple technical respects. There was no affidavit of notice, and the petition only contained service instructions to serve Summit and Moncus. Moreover, the order of September 17, 2019, was not endorsed with the hour of issuance and failed to state why it was issued ex parte or even that it was issued ex parte. The order also did not state when it would expire.

20

A trial court may use discretion in determining whether to award damages under La.Code Civ.P. art. 3608. *Ducote v. Couvillon*, 401 So.2d 621 (La.App. 3 Cir. 1981). The ruling of a trial court on the issue of damages under Article 3608 should not be disturbed on appeal absent a clear abuse of discretion. *Arco Oil & Gas Co.*, 728 So.2d 841. Such discretion is not unbridled and cannot be exercised to invalidate or modify an otherwise reasonable fee charged pursuant to a valid contract for legal services between consenting parties. *In re Interdiction of DeMarco,* 09-1791 (La.App. 1 Cir. 4/7/10), 38 So.3d 417.

As noted above, La.Code Civ.P. art. 3608 authorizes the award of damages for the wrongful issuance of a temporary restraining order and further authorizes an award of attorney fees, as an element of damages, for services rendered in connection with dissolving the order. *Scheyd,* 412 So.2d 567. In awarding compensatory attorney fees, the court must consider whether the fee charged is reasonable and is not excessive or unearned. *Id.*[10]

In the present case, the trial court awarded attorney fees of $18,307.25 for the services of Lowe, Stein, Hoffman, Allweiss & Hauver, LLP ("Lowe, Stein"), and Gibson Law Partners, LLC ("Gibson"), capping those fees for services incurred prior

---

[10]  Rule 1.5(a) of the Louisiana State Bar Association Rules of Professional Conduct provides:

> (a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

21

to September 27, 2019, the date the TRO should have expired. Our review of the trial court's determination of those fees are fully supported by the block billing hours the Moncuses' attorneys admitted into evidence. Clearly, even though these two law firms submitted billings for sums greater than that awarded, the trial court combed through those billings and used its discretion to determine which of those sums were authorized under La.Code Civ.P. art. 3608. Accordingly, we find the trial court did not abuse its discretion in the assessment of these attorney fees.

However, as reflected in their answer to Girouard and Breaux's appeal, Lowe, Stein and Gibson argued that the trial court erred when it used the date the TRO should have expired as the benchmark for that award. They argue the trial court erred when it failed to award attorney fees for the services they performed in successfully applying for a supervisory writ to this court, an action which vacated and set aside the wrongful extension of the TRO ordered by Judge Rubin. We agree.

In *Scheyd*, 412 So.2d at 569-570 (footnotes omitted), a case involving an individual who improperly obtained the issuance of a preliminary injunction, the supreme court stated:

> [Louisiana Code of Civil Procedure Article] 3608 authorizes the award of damages for the wrongful issuance of a temporary restraining order or a preliminary injunction and further authorizes an award of attorney's fees, as an element of damages, for services in dissolving the order or injunction. . . .
>
> [Louisiana Code of Civil Procedure Article] 3608's authorization for the award of damages, including attorney's fees, is similar to the authorization of such awards in C.C.P. Art. 3506 for the wrongful issuance of conservatory writs. The two articles recognize that restraining orders, preliminary injunctions, and conservatory writs are harsh remedies which are subject to the danger of misuse, and they impose on the party who improperly uses such writs and orders the responsibility to redress all damages. The two articles also recognize that many writs and orders are dissolved because the defendant prevails on the merits of the case. Nevertheless, the two articles authorize the award of attorney's fees only for those "services rendered in connection with the dissolution" of the writs or orders.

22

Damages have generally been awarded when there is a determination, either by pretrial motion or by trial on the merits, that the writ or order was illegally issued. Although the injunction was voluntarily dismissed, attorney's fees may still be awarded if the injunction was wrongfully issued. *Duhon v. Buckley*, 161 So.2d 301 (La.App. 3rd Cir. 1964).

. . . .

The only damages sought (and apparently the only damages sustained) by the enjoined litigant in this case are attorney's fees. However, most of the services performed by the attorney pertained to the defense of the merits of Scheyd's "Petition to Compel Compliance with the Public Bid Law". When the trial court issued a preliminary injunction after a full hearing, Waddell's counsel began the process of dissolving the injunction by applying for supervisory writs, first to the court of appeal and then to this court. The injunction was voluntarily relinquished two days after this court granted certiorari.

We conclude that Waddell is entitled to damages in the amount of the value of attorney's fees for services performed in submitting applications to the two appellate courts for supervisory writs, since those services were rendered in connection with ultimate dissolution of the injunction.

Even though the present case involves the dissolution of a TRO rather than a preliminary injunction, we find *Scheyd's* treatment of attorney fees for the submission of an application to the appellate court for a supervisory writ equally applicable here. Similarly, in *Denta-Max v. Maxicare Louisiana, Inc.*, 95-2128, pp. 5-6 (La.App. 4 Cir. 3/14/96), 671 So.2d 995, 998 the appellate court stated:

Denta-Max claims that damages and attorney fees are improper under the circumstances of this case because the trial court, rather than Denta-Max, committed the error which resulted in the wrongful issuance of the mandatory preliminary injunction. We find no merit in that argument; Denta-Max requested the improperly granted mandatory preliminary injunction and thus is responsible, under La.C.C.P. art. 3608, for damages and attorney fees incurred by Maxicare to defend against the statute.

Likewise, in *Arco Oil*, 728 So.2d at 844, the Louisiana Supreme Court stated:

Article 3608 does not speak of wrongfully "seeking" or "obtaining" a temporary restraining order or preliminary injunction, which terms would focus attention on the *party* who sought and obtained the injunctive relief. Instead, Article 3608 focuses on the actions of the *court* by providing that damages may be awarded for the wrongful

23

"issuance" of a temporary restraining order or preliminary injunction. Therefore, we conclude that the word "wrongful" in Article 3608 simply means incorrect, or the result of a mistake, and does not imply malice or bad faith on the part of the plaintiff. *Board of Commissioners of the Orleans Levee District v. Harry F. Connick,* 671 So.2d 1004, 95–1456 (La.App. 4th Cir. 3/14/96); 671 So.2d 1004.

After thoroughly reviewing the record, we find the trial court erred when it failed to award attorney fees to the Moncuses for the work the two law firms, Lowe, Stein and Gibson, performed in their successful supervisory writ to this court to dissolve the improperly extended TRO. Thus, we find the Moncuses are entitled to $10,672.00 for the representation provided by Lowe, Stein and $39,028.10 for the representation Gibson provided in reversing Judge Rubin's extension of the TRO on their writ application to this court.[11]

### *Motion to Strike and Request for Sanctions*

The Moncuses have also filed a motion to strike portions of the brief Girouard and Breaux have filed in this court. They contend the brief contains allegations regarding J.D.M.'s medical condition and actions taken by Ruth Moncus leading up to this lawsuit that are unproven and are discourteous, irrelevant, and constitute unsubstantiated accusations. As such, they contend these violate of Uniform Rules—Courts of Appeal, Rule 2-12.2(C).[12] The Moncuses further contend that various references in Girouard and Breaux's brief are drawn from the sealed

---

[11] In reaching this determination, we have parsed through the law firms' request for attorney fees in excess of $100,000.00. Our resolution of the amount due them is based on our review of their block billing, focusing solely on charges we determined to be directly related to the issue of the dissolution of the TRO. It is apparent to us that the Moncuses are involved in multiple legal actions involving these parties, not all of which involve the dissolution of the TRO.

[12] Uniform Rules—Courts of Appeal, Rule 2-12.2(C) states:

> The language used in the brief shall be courteous, free from vile, obscene, obnoxious, or offensive expressions, and free from insulting, abusive, discourteous, or irrelevant matter or criticism of any person, class of persons or association of persons, or any court, or judge or other officer thereof, or of any institution. Any violation of this Subsection shall subject the author, or authors, of the brief to punishment for contempt of court, and to having such brief returned.

24

interdiction record involving the mental state of J.D.M. and urge this court to sanction Girouard and Breaux for having violated the trial court order which sealed the interdiction proceeding. Therefore, they contend that we should order these contentions stricken and that the authors of the brief be punished with contempt of court.

"Louisiana's Code of Civil Procedure uses a system of pleading based upon the narration of factual allegations." *See Greemon v. City of Bossier City,* 10-2828, 11-0039, p. 8 (La. 7/1/11), 65 So.3d 1263, 1268. "No technical forms of pleading are required. All allegations of fact of the petition, exceptions, or answer shall be simple, concise, and direct, and shall be set forth in numbered paragraphs." La.Code Civ.P. art. 854.

Although La.Code Civ.P. art. 862 abolished the "theory of the case" pleading requirement, La.Code Civ.P. art. 891 provides a petition "shall contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation." To plead "material facts" within Louisiana's fact-pleading system, the pleader must state what act or omission he or she will establish at trial. *See Greemon v. City of Bossier City,* 10-2828, 11-0039 (La.7/1/11), 65 So.3d 1263.

All the references the Moncuses complain of are either allegations made in the pleadings or filings presented to the trial court. In addition, these now-objected-to statements, particularly those which may have originated in the sealed interdiction proceeding, have been referenced throughout various memoranda in the trial court without prior complaint. Moreover, the record reflects the Moncuses themselves introduced some part of the sealed interdiction proceedings in the hearing to dissolve the TRO, and that evidence was used to support their request for an award of attorney fees. Although the Moncuses now take exception to some of these factual assertions,

25

these statements, at this juncture of the proceeding, come too late. Therefore, after having reviewed the contentions of the Moncuses, we find no merit to their motion to strike and their request for the imposition of sanctions.

### *Additional Attorney Fees*

In their answer to the appeal, the Moncuses ask this court to award additional attorney fees for defending against Girouard and Breaux's appeal.

Attorney fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits. *Deshotels Plantation, LLC v. Torrent Gulf Coast, LLC*, 19-750 (La.App. 3 Cir. 4/22/20), 297 So.3d 1034. Moreover, La.Code Civ.P. art. 3608 also allows an award of attorney fees for services rendered on appeal in connection with the dissolution of the preliminary injunction. *Scheyd, Inc.*, 412 So.2d 567; *Fontenot v. Petmecky*, 386 So.2d 702 (La.App. 3 Cir. 1980), *overruled on other grounds by Arco Oil*, 714 So.2d 806. "The basis for awarding . . . attorney's fees for work performed on appeal is that the litigant incurred additional expenses to protect rights . . . established at the trial level." *Vander v. Safeway Ins. Co. of LA.*, 08-888, p. 12 (La.App. 3 Cir. 2/25/09), 5 So.3d 968, 976. *But see Alvarez v. Cressend*, 15-276 (La.App. 5 Cir. 12/23/15) 182 So.3d 1154; *Sellers v. Barthelemy*, 520 So.2d 1219 (La.App. 5 Cir. 1988) (holding that such award does not come under the auspices of La.Code Civ.P. art. 3608). In the present case, the attorneys for the Moncuses competently advocated to protect the rights embodied in the trial court judgment. Therefore, we find that $7,500.00 is an appropriate amount for work performed on this appeal.

The Moncuses further argue in brief that Girouard and Breaux should be assessed with damages for filing a frivolous appeal. Awards for pursuing a frivolous appeal are governed by La.Code Civ.P. art. 2164, which provides:

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

This court has previously observed, "An award for damages for frivolous appeal is warranted 'when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that appellant's counsel does not seriously believe in the position he advocates.' " *Blanchet v. Boudreaux*, 15-60, p. 13 (La.App. 3 Cir. 8/19/15), 175 So.3d 460, 469, *writ denied*, 15-2156 (La. 1/25/16), 185 So.3d 749 (quoting *State Farm Mut. Auto. Ins. Co. v. Callahan*, 571 So.2d 852, 854 (La.App. 3 Cir. 1990), *writ denied*, 576 So.2d 51 (La.1991)). We approach demands for damages for frivolous appeals mindful that appeals are favored, and damages for exercising a litigant's right to an appeal should only be awarded when they are *clearly* appropriate. *Bailey v. Veolia Envtl. Servs.*, 17-655 (La.App. 3 Cir. 1/31/18), 237 So.3d 525, *writ denied*, 18-636 (La. 8/31/18), —— So.3d ——, 2018 WL 4329298. Courts are wary of deeming appeals frivolous to avoid discouraging people from pursuing their rights to appeal. *Id.*

We find that serious legal questions have been presented by this appeal. Accordingly, we find that damages, including attorney fees, as provided in La.Code Civ.P. art. 2164 are not warranted.

**DISPOSITION**

For the foregoing reasons, we grant *sua sponte* the peremptory exception of nonjoinder of an indispensable party, recognizing John D. Moncus as an

27

indispensable party; affirm the trial court's grant of the peremptory exception of no right of action and amend it to state that all claims asserted by Plaintiffs, Lyle E. Girouard and Jo D. Breaux, against Ruth Moncus and John D. Moncus are dismissed with prejudice; amend and increase the attorney fee award as follows: there be judgment in favor of Ruth Moncus and John D. Moncus and against Lyle E. Girouard and Jo D. Breaux for attorney fees in the amount of $67,980.35, consisting of attorney fees for the services of Lowe, Stein, Hoffman, Allweiss & Hauver, LLP, in the amount of $22,813.00, and for the services of Gibson Law Partners, LLC in the amount of $45,167.35 and render. We further award the Moncuses $7,500.00 as additional attorney fees for defending this appeal. Lastly, we deny the Moncuses' motion to strike, their request for sanctions, and their request for damages for a frivolous appeal. Costs of this appeal are assessed to Lyle E. Girouard and Jo D. Breaux.

**PEREMPTORY EXCEPTION OF NONJOINDER OF AN INDISPENSABLE PARTY GRANTED;**
**PEREMPTORY EXCEPTION OF NO RIGHT OF ACTION AFFIRMED AS AMENDED;**
**AWARD OF ATTORNEY FEES AFFIRMED AS AMENDED;**
**MOTION TO STRIKE AND SANCTIONS DENIED;**
**REQUEST FOR DAMAGES FOR FRIVOLOUS APPEAL DENIED.**